■ Jean Cenatus, Appellant, v Herman Rosen et al., Respondents. [771 NYS2d 179]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated December 5, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff claims that he sustained, inter alia, a significant limitation of his cervical and lumbosacral spine as the result of

an accident which occurred on August 26, 1998, when he was 18 years old. The defendants moved for summary judgment on the ground that the plaintiff's injuries "do not satisfy the threshold requirement of a serious injury" under any definition set forth in Insurance Law § 5102 (d).

In support of their motion, the defendants' experts noted that a magnetic resonance imaging of the plaintiff's back revealed a herniated disc in the lumbosacral spine and two herniated discs in the cervical spine. After examining the plaintiff, one of the defendants' examining physicians concluded that the plaintiff demonstrated a "full range of motion . . . throughout the spinal column" and diagnosed his injury as cervical and lumbar sprains which had resolved. Accordingly, the defendants established a prima facie case for summary judgment in their favor.

In opposition, the plaintiff submitted an affirmation from a physician who performed a recent examination of the plaintiff. The physician quantified the results with percentages of the loss of range of motion of the cervical and lumbosacral spine.

In view of the foregoing, the plaintiff established that there is an issue of fact as to whether he sustained a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.