■ CARLOS GONZALEZ, Respondent, v SEUNG E. BAIK et al., Appellants. [830 NYS2d 224]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated November 16, 2005, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the determination of the Supreme Court, the defendants established prima facie that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident which occurred on May 2, 2003 on the ground, inter alia, that he currently exhibited no limitations of range of motion (*see Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). However, the plaintiff, in opposition, submitted the affirmation of his treating physi-

cian quantifying loss of range of motion based upon a recent examination performed by him and concluding that the plaintiff's "functional disabilities and limitations . . . are causally related to the automobile accident which occurred on May 2, 2003." Accordingly, there are triable issues of fact which preclude the granting of summary judgment on the issue of serious injury (*see Cenatus v Rosen,* 3 AD3d 546 [2004]). Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.