◼ Donald Hayes, Respondent, v William Johnston, Appellant. [794 NYS2d 462]—

Rose, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 20, 2004 in Saratoga County, which partially denied defendant's motion for summary judgment dismissing the complaint.

In this personal injury action arising out of a motor vehicle accident, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court partially denied the motion, dismissing plaintiff's claim for lost earnings, and defendant now appeals.

Defendant met his initial burden of showing that plaintiff, a 46-year-old logger with a history of chronic back pain, suffered no serious injury causally related to the accident by submitting the affidavit of James Storey, the neurologist who conducted an independent medical examination of plaintiff. Storey opined that plaintiff's degenerative disc disease and mild disc bulging had preexisted the accident, and he found no objective evidence

that the accident caused or aggravated these conditions. As to plaintiff's claim that the accident caused him to suffer a stroke approximately three months later and this stroke constitutes a qualifying serious injury, Storey opined that no acute stroke occurred after the accident. He explained that, while plaintiff had presented with "some sort of acute symptomatic event," there was no evidence of recent neurologic injury. Instead, the brain lesions observed by MRI scan were old and the mild residual neurological deficits were the result of a cerebellar stroke that plaintiff had suffered many years before the accident. This evidence was sufficient to shift the burden to plaintiff to come forward with competent medical evidence creating a triable issue of fact as to the existence of a serious injury (*see John v Engel*, 2 AD3d 1027, 1028 [2003]; *Davis v Evan*, 304 AD2d 1023, 1024-1025 [2003]).

Plaintiff's efforts to meet this burden are unavailing. The reports of his treating and consulting physicians do not opine that the observed conditions of his spine were caused by the accident (*see Dabiere v Yager*, 297 AD2d 831, 832 [2002], *lv denied* 99 NY2d 503 [2002]; *Sorriento v Daddario*, 282 AD2d 957, 958 [2001]). Nor did plaintiff's physicians identify the diagnostic tests that they had performed or provide any other objective medical basis for their nonobservable findings with regard to his spine (*see Temple v Doherty*, 301 AD2d 979, 981-982 [2003]; *Gillick v Knightes*, 279 AD2d 752, 752 [2001]).

Plaintiff's claim that the postaccident stroke constitutes a serious injury within the meaning of the Insurance Law is also unavailing. George Siniapkin and Theodorus Laddis, the physicians who examined plaintiff regarding a preexisting atrial septal defect or hole in his heart discovered after the stroke, opine that the accident caused an embolus which was able to cross from his lower circulatory system through the hole in his heart to his upper circulatory system and, in turn, cause the stroke. They do not, however, opine that the stroke caused a permanent or significant impairment of a body part, function or system. Plaintiff concedes that the stroke symptoms did not persist and he does not rely on them here, arguing instead that the necessity to either take anticoagulants and give up his work as a logger due to the risk of uncontrollable bleeding or abstain from anticoagulants and run the risk of a future stoke is itself a physical limitation constituting a serious injury. We are not persuaded. Given plaintiff's history of a neurological event suffered many years before the accident, Laddis states that he would have to treat plaintiff "as if the atrial septal defect were the culprit" and he offers the alternative of a surgical repair of

that defect. His alternative recommendation of surgical repair indicates that the heart defect, and not the postaccident stroke, created the need to use anticoagulants. Thus, Supreme Court erred in failing to grant defendant's motion for summary judgment in its entirety.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially denied defendant's motion for summary judgment; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.