■ Carol J. Wilber, Appellant, v Darlene Breen, as Administrator of the Estate of Angela DiMura, Deceased, Respondent. [808 NYS2d 783]—

Crew III, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered December 10, 2004 in Schenectady County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was involved in an automobile accident, as a result of which she brought the instant action seeking damages for the personal injuries she sustained during the course thereof. Following joinder of issue and discovery, defendant successfully sought summary judgment on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff now appeals.

We begin by noting that defendant clearly established, prima facie, that plaintiff did not suffer a serious injury. At issue here then is whether plaintiff produced competent medical evidence raising a material issue of fact as to the existence of a serious injury (*see Hayes v Johnston*, 17 AD3d 853, 854 [2005]). We think not.

The record reveals that plaintiff suffered a soft-tissue injury which, she claims, constitutes a "significant limitation of use of a body function or system" and a "permanent consequential limitation of use of a body organ or member," two of the categories encompassed in the definition of "serious injury" (Insurance Law § 5102 [d]). In support of her claim, plaintiff submitted the affirmation and office records of one of her treating physicians, Lynne Nicolson. Nicolson opined that plaintiff suffered a chronic lumbar strain, whiplash-type cervical strain and myofascial pain syndrome, which is permanent and will prevent plaintiff from engaging in many routine activities. She further opined (in the language of the statute and the case law interpreting it) that plaintiff suffered "a significant limitation

and/or loss of use of her neck, upper back and trapezius region," which "condition is more than mild or slight." Such conclusory statements are not sufficient to raise a question of fact as to the seriousness of plaintiff's injuries. Rather, plaintiff's physician must either describe whatever limitations are found to exist and assign a numeric percentage to them or provide a qualitative assessment of plaintiff's condition and compare it to the normal function, purpose or use of the affected body, organ, member, function or system (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). This Nicolson failed to do and, accordingly, Supreme Court properly granted defendant's motion.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.