■ SHEA SIMPSON, Respondent, v STEPHEN FEYRER et al., Appellants, et al., Defendants. [811 NYS2d 788]—

Crew III, J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 27, 2004 in Otsego County, which denied a motion by defendants Stephen Feyrer and David Feyrer for summary judgment dismissing the complaint against them.

In February 1997, plaintiff, a college student, was struck by a motor vehicle operated by defendant Stephen Feyrer and owned by defendant David Feyrer (hereinafter collectively referred to as defendants) while crossing a street in the City of Oneonta, Otsego County. Thereafter, in January 2000, plaintiff commenced this action against defendants[1] contending that she sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) as a result thereof. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint against them. Supreme Court denied that motion, and this appeal by defendants ensued.

Preliminarily, to the extent that plaintiff's pleadings may be read as asserting a serious injury claim under the 90/180-day category, plaintiff's own examination before trial testimony belies any such assertion. Although plaintiff did not attend class the day following the accident, she also did not seek medical treatment until approximately one week later. And, while plaintiff could not recall whether she attended classes the week following this initial visit to the local hospital emergency room, her testimony fails to disclose any significant or particularized gaps in her then school and/or employment schedule or daily activities. In short, inasmuch as the record fails to establish that plaintiff was unable to substantially perform all of her usual daily activities for 90 of the 180 days following the underlying accident, plaintiff cannot assert a serious injury claim under this particular category.

As to the balance of plaintiff's serious injury claim, the case law makes clear that where, as here, a plaintiff seeks to establish that he or she sustained a serious injury under either the permanent consequential limitation of use or the significant limitation of use categories, "the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*John v Engel*, 2 AD3d 1027, 1029 [2003]; *see Gehrer v Eisner*, 19 AD3d 851, 852 [2005]). Additionally, the plaintiff must demonstrate that the underlying limitations are more

---

**1.** Although Stephen Feyrer's employers also were named as party defendants, they did not join in defendants' motion and are not parties to the instant appeal.

than " 'mild, minor or slight' " (*Paton v Weltman*, 23 AD3d 895, 897 [2005], quoting *Gehrer v Eisner, supra* at 852). This plaintiff failed to do.

Plaintiff testified at her October 2002 examination before trial that following the accident, she experienced slurred speech, impaired memory and dizziness.[2] These symptoms apparently dissipated until plaintiff "relapsed" approximately one year later, at which point she again experienced dizziness and, additionally, photophobia. According to plaintiff, although she believes that she remains "more sensitive to light," the photophobia resolved itself as of the summer of 2001. As to the balance of her symptoms, plaintiff testified that although she suffers from migraines two or three times a week, which she did not experience prior to the accident, the visual disturbances associated therewith "petered out" and she no longer suffers from dizziness. Although plaintiff testified that she continues to experience "on and off" lower back pain and constant "discomfort" in her neck, she acknowledged that the neck discomfort did not impair her ability to move her neck. When questioned regarding the impact such symptoms have had on her activities, plaintiff testified only that some issue with her hip limits, to an unspecified degree, her ability to hike and jog as frequently as she would like. Finally, the record reflects that in the years following the accident, plaintiff graduated magna cum laude, moved to Colorado and obtained an apartment and gainful employment.

As to the medical proof tendered by plaintiff, the evaluation performed by her treating neurologist, David Smith, at best demonstrates that plaintiff's postaccident course "suggests that she sustained some kind of mild cerebral injury which effects *[sic]* her visual perception." Smith's assessment of plaintiff's condition, as well as his conclusory averment that she "sustained a permanent degree of post-concussive syndrome and photophobia," however, is of limited evidentiary value. Smith's evaluations of plaintiff occurred in May 1998 and June 1998, well before plaintiff's dizziness and photophobia, by her own admission, resolved, and there is nothing in his report to suggest, much less document, any degree of significant impairment and/or permanency, nor is there any qualitative analysis or discussion of how plaintiff's alleged limitations compare to normal cerebral functioning. Simply put, the record as a whole fails to establish that whatever residual effects plaintiff may continue to experience from the accident qualify as anything

---

2. Notably, plaintiff denied hitting her head on the ground at the time of the accident.

other than mild, minor or slight limitations and, as such, fall far short of demonstrating the degree of impairment necessary to meet the serious injury threshold. Accordingly, Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Stephen Feyrer and David Feyrer and complaint dismissed against them.