■ LESTER J. ROBINSON, III, Appellant, v JEFFREY WILLIAM POLASKY et al., Respondents. [822 NYS2d 183]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered August 11, 2005 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In an action to recover damages for personal injuries arising from an automobile accident, plaintiff appeals

from an order granting defendants' motion for summary judgment dismissing the complaint. The complaint, as amplified by the bill of particulars, sought recovery under three categories of serious injury as set forth in Insurance Law § 5102 (d), i.e., the permanent consequential limitation of use, the significant limitation of use and the 90/180 categories. With respect to the 90/180 category, defendants met their initial burden on the motion by submitting excerpts of plaintiff's deposition testimony wherein plaintiff admitted that he did not miss any full days of work after the accident. In response, plaintiff failed to raise an issue of fact whether he was unable to perform substantially all of the material acts that constituted his usual and customary daily activities (*see Burns v McCabe*, 17 AD3d 1111 [2005]; *Parkhill v Cleary*, 305 AD2d 1088, 1090 [2003]; *see also Simpson v Feyrer*, 27 AD3d 881 [2006]).

Contrary to the contention of plaintiff, defendants met their initial burden on the motion with respect to the permanent consequential limitation of use and significant limitation of use threshold categories by submitting competent medical evidence establishing as a matter of law that plaintiff did not sustain a serious injury under either of those categories (*see Sarkis v Gandy*, 15 AD3d 942 [2005]; *Hoffmann v Stechenfinger*, 4 AD3d 778, 779 [2004]). In opposition, plaintiff failed to raise a triable issue of fact (*see Winslow v Callaghan*, 306 AD2d 853, 854 [2003]). We reject the contention of plaintiff that the affidavit of a chiropractor, stating that plaintiff sustained "lineal annular tearing" of two discs, is sufficient to raise a triable issue of fact. That affidavit did not constitute " 'objective evidence of the extent or degree of the alleged physical limitations resulting from th[at] disc injury' " (*Owen v Rapid Disposal Serv.*, 291 AD2d 782, 782-783 [2002]), inasmuch as it failed to provide a numeric percentage of plaintiff's loss of range of motion or a qualitative assessment of plaintiff's condition (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.