■ JESSE L. FLISCH, an Infant, by His Mother and Guardian, KATHLEEN M. FLISCH, et al., Respondents, v ERIC M. WALTERS et al., Defendants, and LINCOLN D. FLISCH et al., Appellants. [839 NYS2d 602]—

Rose, J. Appeal from an order of the Supreme Court (Hummel, J.), entered February 15, 2006 in Columbia County, which, upon reconsideration, adhered to its prior decision denying a motion by defendants Lincoln D. Flisch and Yaicha A. Flisch for summary judgment dismissing the complaint of plaintiff Ashley Styles against them.

Plaintiffs commenced this action seeking damages for, among other things, the alleged residual consequences of a head injury sustained by plaintiff Ashley Styles (hereinafter plaintiff) in a motor vehicle accident. Following discovery, defendants Yaicha

A. Flisch and Lincoln D. Flisch (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint of plaintiff against them on the ground that she had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion, finding that defendants had failed to meet their initial burden of proof. Defendants moved to reargue, pointing out that the court had mistakenly rejected the report of an independent medical evaluation (hereinafter IME) conducted by defendants' neurologist. Supreme Court then acknowledged its error, reviewed the report, again found that defendants had not met their burden and stated that "[d]efendants' motion to . . . reargue is denied." Defendants appeal.

Although defendants' notice of appeal refers only to Supreme Court's order purporting to deny reargument and, of course, an order denying reargument is not appealable (*see e.g. Fitzgerald v Adirondack Tr. Lines, Inc.*, 23 AD3d 907, 909 n [2005]), we view the court's decision and order as having granted the motion for leave to reargue. Despite the court's statement that it denied reargument, it nevertheless acknowledged its error with respect to the IME, reconsidered defendants' motion for summary judgment and then adhered to its prior decision (*see* CPLR 2221 [f]). Under these circumstances, we consider this to be an appeal as of right (*see Corey v Gorick Constr. Co.*, 271 AD2d 911, 912 [2000]; *see also* CPLR 5701 [a] [2] [viii]).

Turning to Supreme Court's finding that defendants failed to meet their burden of proof, we note that their moving papers focused on whether plaintiff sustained a serious injury under either the permanent consequential limitation of use or the significant limitation of use categories (*see* Insurance Law § 5102 [d]). They rely primarily on the report of Rene Elkin, a neurologist who stated that although plaintiff sustained a "significant head injury" with contusions and an epidural hematoma, these conditions subsequently resolved and an IME conducted two years later revealed no objective signs of neurological dysfunction. Elkin also opined that plaintiff's current subjective complaints, such as headaches, dizziness, poor concentration and short-term memory loss, could not be connected to any objective findings, and plaintiff's reported behavioral changes could not be ascribed to the head injury with any degree of medical certainty. Also, Elkin properly relied on the reports of plaintiff's treating physicians (*see McElroy v Sivasubramaniam*, 305 AD2d 944, 945 [2003]; *Cody v Parker*, 263 AD2d 866, 867 [1999]), the hospital records and an MRI report, in addition to her own physical examination of plaintiff.

In reply to plaintiffs' opposing papers, which first raised the claim that plaintiff sustained a qualifying serious injury in the 90/180-day category, defendants pointed out both that the records established, at most, only a six-day period of disability and there was no objective medical evidence of an injury that prevented plaintiff from performing her normal activities thereafter. In addition, plaintiff was able to return to school and neither she nor her mother avowed that she had been unable to undertake any of her normal activities other than not participating in sports. Thus, contrary to Supreme Court's finding, defendants met their initial burden as to all categories of serious injury claimed by plaintiffs (*see Tuna v Babendererde*, 32 AD3d 574, 576 [2006]; *Hayes v Johnston*, 17 AD3d 853, 853-854 [2005]; *Jones v Norwich City School Dist.*, 283 AD2d 809, 811 [2001]).

As for the medical proof offered by plaintiffs in an effort to meet their own burden to raise a triable question of fact (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]), the evaluations performed by plaintiff's treating nurse practitioner, Natalie Madar, are of limited evidentiary value because she does not identify any diagnostic tests performed or show that her findings are based on anything other than plaintiff's and her parents' subjective reports of headaches, dizziness, memory loss and mood swings (*see John v Engel*, 2 AD3d 1027, 1029 [2003]; *Serrano v Canton*, 299 AD2d 703, 704-705 [2002]). The report by Arnold Goran, a consulting neurologist, confirms none of Madar's opinions and merely expresses "a strong suspicion that 'difficulty putting [plaintiff's] finger on her nose' could certainly be related to the motor vehicle accident."

Neither Madar nor Goran discuss any degree of significant impairment or permanency, nor is there any qualitative analysis of how plaintiff's alleged limitations compare to normal neurological functioning (*see Clements v Lasher*, 15 AD3d 712, 713 [2005]; *June v Gonet*, 298 AD2d 811, 812-813 [2002]). In addition, neither expert disputes Elkin's opinion that plaintiff's hematoma subsequently resolved without any residual neurologic deficit and an MRI performed less than two months after the accident was normal. In fact, Madar's own records reflect that plaintiff reported that her headaches had resolved and her other symptoms were significantly improved during the months following the accident. Simply put, the record fails to establish that any residual effects of the accident which plaintiff may have experienced are more than mild, minor or slight limitations and, as such, falls short of showing the degree of impairment necessary to constitute either a permanent consequential

limitation or significant limitation of use. In addition, the medical records show only that plaintiff was restricted from participating in sporting activities following the accident, and neither plaintiff nor her mother averred that she had been unable to attend school or perform her other usual activities during the 180 days following the accident. Due to this lack of evidence, plaintiffs failed to substantiate their claim of an injury in the 90/180-day category (*see Simpson v Feyrer*, 27 AD3d 881, 882 [2006]). Accordingly, upon reargument, summary judgment should have been granted to defendants.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Yaicha A. Flisch and Lincoln D. Flisch, by reversing so much thereof as denied said defendants' motion; motion granted, summary judgment awarded to said defendants and complaint of plaintiff Ashley Styles dismissed against them; and, as so modified, affirmed.