■ THOMAS BAKER et al., Appellants, v CHRISTOPHER THORPE et al., Respondents. [840 NYS2d 834]—

Peters, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered May 12, 2006 in Washington County, which granted defendants' motion for summary judgment dismissing the complaint.

In October 2003, the motor vehicle driven by defendant Lori Fleming (hereinafter defendant) collided into the rear of the stopped vehicle driven by plaintiff Thomas Baker (hereinafter plaintiff). Plaintiff, a correction officer, was taken to the hospital and released later that day. Plaintiff went to his physician, Thomas Coppens, the next day with complaints concerning his hip, head, neck and back where he was prescribed pain medication and a six-week session of physical therapy. At the conclusion of that session, his neck pain was relieved but he continued to have a burning sensation in his left arm. After another session of physical therapy, plaintiff was diagnosed with moderate carpel tunnel syndrome in his left arm and wrist. Cortisone injections were unsuccessful but surgery performed in November 2004 relieved his symptoms.

Plaintiff and his wife, derivatively, commenced this action, contending that he suffered a serious injury within the meaning of Insurance Law § 5102 (d). Upon defendants' successful motion for summary judgment, plaintiffs limited their appeal to the contentions that the surgical scar constituted a severe disfigurement and the effects of carpel tunnel syndrome constituted a significant limitation of use of a body function or system and prevented him from performing his usual and customary activities for 90 out of the first 180 days following the accident.

Where, as here, defendants move for summary judgment in a no-fault action, they bear the initial burden of demonstrating that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see John v Engel*, 2 AD3d 1027, 1028 [2003]). If successful, the burden shifts to plaintiffs to present competent medical evidence to raise a triable issue of fact (*see Haddadnia v Saville*, 29 AD3d 1211, 1211 [2006]). In support of defendants' motion, plaintiff's medical records and deposition testimony were proffered. Diagnostic tests classified plaintiff's limitation as "moderate with involvement of both the median motor and sensory nerves [with] . . . no evidence of an ulnar neuropathy or cervical radiculopathy involving the left upper extremity." After the surgical release to plaintiff's left wrist, his carpal tunnel complaints abated. Medical records from plaintiff's first postsurgery visit on November 30, 2004 found him to be healing properly, while his last visit on December 29, 2004 declared him to have "full [range of motion] and no pain. He is fully active without restriction or limitation." Plaintiff's deposition testimony confirmed the success of the surgery, but noted that his ability to care for his six horses was limited to being able to carry only one bale of hay, instead of two, and one bucket of water, instead of two. Plaintiff further stated that his grip was now compromised, effecting both his ability to use a pitchfork to muck the horse stalls and hold a golf club, now limiting his outings to three times a week instead of five. As to the impact of the injury upon employment, he missed only one day of work. At the time of his examination before trial, he had retired for nonmedical reasons and was working as a golf course greens keeper.

Viewing this evidence in a light most favorable to plaintiffs (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 355 [2002]), we agree that despite objective medical evidence supporting the conclusion that plaintiff's carpal tunnel syndrome was caused by the accident, the resulting limitations were not sufficiently significant to permit recovery beyond that authorized by the no-fault law (*see Tuna v Babendererde*, 32 AD3d 574, 575-576 [2006]; *compare Toure v Avis Rent A Car Sys., supra* at 355).

With the burden shifted to plaintiffs to raise a triable issue of fact regarding a significant limitation, we premise our review with a recognition that carpal tunnel syndrome can form the basis for a significant limitation of use under Insurance Law § 5102 (d) (*see Apuzzo v Ferguson*, 20 AD3d 647, 648 [2005]). However, where, as here, there are no significant problems after successful surgery (*see Palmer v Moulton*, 16 AD3d 933, 934-935 [2005]) and the residual symptoms are nothing more than mild, minor or slight impairments, no triable issues will be raised by this proof (*see Tuna v Babendererde, supra* at 576; *Simpson v Feyrer*, 27 AD3d 881, 884 [2006]).

Nor do we find an issue of fact concerning whether plaintiff was prevented from performing substantially all of his usual and customary activities for 90 out of the first 180 days immediately following the accident. The curtailment of plaintiff's daily activities must be to a "great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see Palmer v Moulton, supra* at 935). Plaintiff was on "light duty" at work for four to six weeks and thereafter encountered no difficulties performing either his employment or the activities of daily living. Plaintiff's reported limitations in his care for his horses and golf game were not, in our view, sufficient (*see Simpson v Feyrer, supra* at 882; *Clements v Lasher*, 15 AD3d 712, 713 [2005]).

Next reviewing whether there is an issue of fact as to whether the scar from the surgery constitutes a significant disfigurement within the meaning of Insurance Law § 5102 (d), we find, after a review of the photographs, that a reasonable person would not conclude that it is unattractive, objectionable or the subject of pity or scorn (*see Johnson v Grant*, 3 AD3d 720, 721 [2004]; *Edwards v DeHaven*, 155 AD2d 757, 758 [1989]).

For all of these reasons, we affirm.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.