■ Sharon Tubbs, Appellant, v Craig M. Pallone, Respondent. [845 NYS2d 166]—

Rose, J. Appeal from an order and judgment of the Supreme Court (Mulvey, J.), entered March 14, 2007 in Chemung County, which granted defendant's motion for summary judgment dismissing the complaint.

On June 23, 2004, plaintiff's bicycle and defendant's pickup truck collided and plaintiff sustained injuries to her left leg, knee, elbow, hand and wrist. Plaintiff commenced this action, contending that she had suffered a serious injury within the meaning of Insurance Law § 5102 (d) in that she had sustained a permanent loss of use of a body organ, member, function or system; a consequential limitation of use of a body organ, member, function or system; and/or a significant loss of use of a body function or system with regard to her left wrist. Defendant moved for summary judgment dismissing the complaint,

proffering the report of a consulting physician who concluded that there was no objective medical evidence of impairment of function in plaintiff's left wrist as a result of this accident. In doing so, he made reference to records of a June 15, 2004 emergency room visit by plaintiff for left wrist tendonitis, eight days prior to the accident. In response, plaintiff submitted the affidavit of her attorney with exhibits including excerpts from the transcript of her deposition, a copy of the unsworn office notes of her treating physician for a visit on July 1, 2004, and a photograph of her left arm which displayed a surgical scar.* Supreme Court granted defendant's motion and dismissed the complaint. Plaintiff appeals.

On a motion for summary judgment in a no-fault action, a defendant bears the initial burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Baker v Thorpe*, 43 AD3d 535, 536 [2007]). The burden then shifts to the plaintiff to present competent medical proof to raise a triable issue of fact (*see Tuna v Babendererde*, 32 AD3d 574, 576-577 [2006]; *John v Engel*, 2 AD3d 1027, 1028 [2003]).

Here, defendant tendered sufficient admissible proof, in the form of the affirmation of the consulting physician who examined plaintiff and reviewed her medical records, to make a prima facie showing that plaintiff had not suffered a serious injury within any of the categories of Insurance Law § 5102. The burden them shifted to plaintiff to offer proof in admissible form to create a material question of fact (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]). Although plaintiff's attorney asserted that plaintiff had undergone "four serious operations" which left her with a permanent defect, he failed to support this claim with any medical evidence whatsoever. Therefore, plaintiff did not meet her burden of proof and, consequently, defendant was entitled to summary judgment dismissing the complaint (*see Parks v Miclette*, 41 AD3d 1107, 1110-1111 [2007]; *Maye v Stearns*, 19 AD3d 902, 903 [2005]).

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

---

* While plaintiff contends that she bears a disfiguring scar, we note that she raised no claim of significant disfigurement or scarring in her complaint or bill of particulars.