██ DEBORAH L. SCOTT et al., Appellants, v LAURA APONTE, Respondent. [854 NYS2d 243]—

Carpinello, J.

Plaintiffs commenced this personal injury action alleging that plaintiff Deborah L. Scott (hereinafter plaintiff) sustained a serious injury as a result of a February 15, 2005 automobile accident with defendant. This appeal stems from defendant's successful motion for summary judgment dismissing the complaint. We now affirm.

On appeal, plaintiffs contend that questions of fact have been raised under two categories of serious injury, namely, permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system. In particular, they claim that the accident caused a "torn shoulder" warranting surgery, loss of use of plaintiff's right shoulder and a disc herniation. Upon our review of the record, we are unpersuaded. Defendant, through the submission of a detailed and comprehensive report of an orthopedic surgeon who reviewed plaintiff's medical history and conducted his own examination, made a prima facie showing that neither plaintiff's shoulder injury nor disc herniation was caused by the subject accident and that, in any event, neither qualified as a serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]). In opposition, plaintiffs' submissions were insufficient to defeat summary judgment because plaintiff's treating orthopedic surgeon failed to adequately address a preexisting shoulder problem and the delayed onset of complaints or provide any foundation or objective medical basis to support the claim of a significant limitation of use of a body function or system (see id.).[1]

We first address causation. It is undisputed that plaintiff was treated for a right shoulder injury prior to the accident. This treatment included a relatively recent surgery for a labral tear

---

1. Since plaintiff's own treating orthopedic surgeon conceded in a sworn submission to Supreme Court in opposition to summary judgment that "there is no permanent deficit present with regard to [plaintiff's] shoulder function" and that all symptoms relating to her disc herniation were resolved through "nonoperative management," summary judgment was clearly appropriate under the permanent consequential limitation category of serious injury and we see no reason to discuss this issue.

and several weeks of physical therapy which lasted until one month before the subject accident. Significantly, upon being treated at a local emergency room immediately following the accident, the only injuries alleged by plaintiff concerned her hand, which had been cut, and knee pain. She made no complaints about her shoulder.

Three weeks after the accident, she began treating with an orthopedic surgeon for the knee pain and never once complained to this physician about pain in her shoulder. Nor did she make any such complaint to the surgeon who treated her hand. It is undisputed that all hand and knee issues were fully resolved within several weeks following the accident. It is also undisputed that plaintiff missed only one day of work as a veterinarian technician immediately following the accident.

The first time that plaintiff sought treatment for shoulder pain was approximately seven weeks after the accident during an appointment with the orthopedic surgeon who performed her prior surgery. While a May 11, 2005 MRI raised concerns about a recurrent labral tear and a supraspinatus tendon tear, neither finding was confirmed during subsequent arthroscopic surgery. In fact, defendant's expert unequivocally opined, without contradiction, that had plaintiff sustained a tendon tear on the day of the accident, she would have experienced immediate pain, which she did not.

Following arthroscopic surgery, plaintiff underwent physical therapy and missed about two weeks of work. She then performed light duty assignments for one month and resumed full duties with no subsequent interruption of work because of her shoulder. With respect to plaintiff's disc herniation, this ailment was not diagnosed until 11 months after the accident following the onset of intermittent numbness some nine months after the accident. She again underwent physical therapy which resolved these symptoms (*see* n, *supra*).

Based on this sequence of medical events, particularly her past history of right shoulder problems, and preaccident surgery for same and her lack of shoulder or numbness complaints immediately following the accident, defendant's expert opined that neither injury was proximately related to the accident. In opposing summary judgment, plaintiff's treating orthopedic surgeon submitted a relatively brief narrative of her medical history following which he summarily opined, without detail or explanation, that plaintiff's shoulder "symptoms" were caused

by the accident.[2] With respect to the numbness associated with her disc herniation, his opinion was not only summary but equivocal, i.e., he opined, again without detail or explanation, that plaintiff's radicular symptoms "were either a delayed effect of the original motor vehicle accident or a preexisting condition that was exacerbated by the [arthroscopic] shoulder surgery." In our view, this was insufficient to raise a question of fact on the issue of causation. In particular, the treating surgeon failed to explain the effect of plaintiff's prior shoulder injury on the claimed accident injury, failed to explain the delay in the onset of her shoulder and numbness complaints and failed to provide any foundation or objective medical basis supporting his conclusion that either injury was actually caused by the accident itself (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Franchini v Palmieri*, 1 NY3d 536 [2003]).

Next, even assuming some causal relationship between the accident and plaintiff's shoulder injury and disc herniation, defendant nevertheless established that plaintiff did not suffer a significant limitation of use of any body function or system. To establish this category of serious injury, "the medical evidence must provide either a quantitative or qualitative assessment to differentiate serious injuries from mild or moderate ones" (*Secore v Allen*, 27 AD3d 825, 827 [2006] [internal quotation marks and citation omitted]; *see Felton v Kelly*, 44 AD3d 1217, 1218-1219 [2007]; *Pugh v DeSantis*, 37 AD3d 1026, 1029 [2007]; *Smith v Genardo*, 27 AD3d 821, 823-824 [2006]). Here, even assuming shoulder damage and disc herniation caused by the accident, plaintiffs' proof fell short of demonstrating that either constituted a significant limitation.

Following arthroscopic surgery, plaintiff resumed full-time employment after about two weeks and full duty assignments as of June 20, 2005. Indeed, she never sought any subsequent medical treatment for her shoulder after this time. A physical examination conducted by defendant's expert one year later revealed that her right shoulder was "completely normal" with "a complete painless range of all active and passive right shoulder motions." Even her treating orthopedic surgeon opined that she underwent surgery "with good effect" and had no permanent deficit with regard to her shoulder. Additionally, this surgeon never discussed any degree of significant impairment of

---

**2.** Notably, to the extent that a rotator cuff tear was observed and repaired during arthroscopic surgery, plaintiff's treating orthopedic surgeon does not even mention this precise injury in his submission to Supreme Court or specifically relate it to the accident. Rather, as noted, he claims only generally that the accident precipitated her symptoms.

the shoulder or provided an analysis of any alleged limitation compared to normal functioning which would support a conclusion that it was significant.

Likewise, with respect to the disc herniation, plaintiffs failed to submit objective medical proof demonstrating the actual physical limitation of use that plaintiff sustained as a result of this injury (*see Pommells v Perez, supra*). Indeed, according to plaintiff's surgeon, all symptoms relating to the disc herniation resolved with a short course of physical therapy. Simply put, the record fails to establish that any injury allegedly caused by the accident was more than a mild, minor or slight limitation and, therefore, summary judgment was properly granted to defendant (*see Felton v Kelly, supra; Flisch v Walters*, 42 AD3d 682 [2007]; *Pugh v DeSantis, supra; Smith v Genardo, supra*).

Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.