■ Diana Licygiewicz, Appellant, v Melvin F. Stearns, Respondent. [876 NYS2d 782]—

Rose, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 1, 2008 in Essex County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff's left thumb was dislocated in a motor vehicle accident and required surgical reduction. Alleging that this was a serious injury within the meaning of Insurance Law § 5102 (d), she commenced this personal injury action. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, and plaintiff now appeals.

In support of his motion, defendant proffered plaintiff's deposition testimony and the records and reports of her treating physicians. According to those records, plaintiff's orthopedic surgeon concluded that, after she recovered from the surgery necessary to reduce the dislocation, there was only a minimal limitation of the flexion of her thumb and she had regained full functional use of her nondominant left hand. Thus, even if permanent, this limitation would not constitute a consequential or

significant limitation of use. As for the 90/180-day category claim, defendant cited plaintiff's deposition testimony in which she admitted that her injury had not significantly impaired her work, recreation or other customary activities. As for the claim of significant disfigurement, defendant submitted color photographs of plaintiff's thumb and referred to her medical records to show that she had a barely perceptible, thin, pale scar and two small bumps from her surgery. This proof was sufficient to shift the burden to plaintiff to raise a material question of fact as to the existence of a serious injury (*see e.g. Baker v Thorpe*, 43 AD3d 535, 536-537 [2007]).

To meet her burden, plaintiff relied on affirmations by her orthopedic surgeon and plastic surgeon. The affirmations, however, were not based on recent examinations of plaintiff (*see Wolff v Schweitzer*, 56 AD3d 859, 861 [2008]; *Chunn v Carman*, 8 AD3d 745, 746 [2004]; *Davis v Evan*, 304 AD2d 1023, 1025 [2003]), and their conclusory statements that she has a consequential and significant limitation of the use of her thumb merely parrot the statutory language (*see Wilber v Breen*, 25 AD3d 836, 836-837 [2006]; *Bent v Jackson*, 15 AD3d 46, 50 [2005]; *June v Gonet*, 298 AD2d 811, 812 [2002]). While plaintiff's submissions demonstrate that her limitation is permanent, they do not show that the limitation is more than mild, minor or slight (*see e.g. Flisch v Walters*, 42 AD3d 682, 684-685 [2007]; *Palmer v Moulton*, 16 AD3d 933, 935 [2005]).

Plaintiff also failed to raise a triable issue of fact regarding the 90/180-day category, since she acknowledged during her deposition that she missed less than a week of school due to the injury and had full use of her hand within two months (*see Clements v Lasher*, 15 AD3d 712, 713-714 [2005]; *Dongelewic v Marcus*, 6 AD3d 943, 944-945 [2004]). Nor is her claim that her surgical scar constitutes a significant disfigurement supported by a review of either the photographs or the descriptions contained in the medical records (*see Baker v Thorpe*, 43 AD3d at 537; *Johnson v Grant*, 3 AD3d 720, 721 [2004]).

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.