■ KASI DEAN, Appellant, v AHN JA JIN et al., Respondents. [911 NYS2d 207]—

Spain, J.P. Appeal from an order of the Supreme Court (Mulvey, J.), entered June 24, 2009 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

In this no-fault action, plaintiff claims to have suffered a serious injury to her cervical spine as defined by Insurance Law § 5102 (d) as a result of a September 2004 motor vehicle accident. Following discovery, defendants successfully moved for summary judgment dismissing the complaint. On plaintiff's appeal, we now affirm.

Initially, we agree with Supreme Court that defendants met their initial burden of demonstrating that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Licygiewicz v Stearns*, 61 AD3d 1254, 1255 [2009]; *Tubbs v Pallone*, 45 AD3d 959, 960 [2007], *lv denied* 10 NY3d 702 [2008]; *Baker v Thorpe*, 43 AD3d 535, 536 [2007]). Specifically, plaintiff's medical records contain only subjective complaints of pain which, on their own, do not qualify as a serious injury under Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Tuna v Babendererde*, 32 AD3d 574, 575 [2006]). A physical examination immediately after the accident revealed a painless range of motion in plaintiff's neck. The only significant abnormality shown by X-ray and MRI records is straightening of the cervical spine. However, an X ray predating the accident by more than two years revealed that this was a preexisting condition, as opposed to an affliction related to the 2004 accident. Further, an independent medical examination report of orthopedist Farouq Al-Khalidi, who examined plaintiff on July 15, 2008, indicated that plaintiff's cervical spine showed a full range of motion in all planes, noted that plaintiff's cervical symptoms appeared to have been resolved and concluded that there was "no objective evidence of any residual impairment of function of the neck attributable to [the] accident." Finally, plaintiff's deposition testimony acknowledged that she returned to school and work a few days after the accident, and that she has traveled extensively since the accident, including a 2½-month backpacking excursion through 10 European countries.

As this evidence is patently sufficient to make a prima facie showing that plaintiff suffered no Insurance Law § 5102 (d) serious injuries as a result of the accident, the burden shifted to plaintiff to "raise a material issue of triable fact on each of the categories of claimed serious injury through the use of competent medical evidence and diagnostic tests" (*Tuna v Babendererde*, 32 AD3d at 576-577; *see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]). Here, plaintiff alleges that triable issues of fact exist as to whether she suffered a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). "[W]hether a limitation of use or function is 'significant' or 'consequential' (i.e., important . . . ) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Toure v Avis Rent A Car Sys.*, 98 NY2d at 353 [citation omitted]; *see Seymour v Roe*, 301 AD2d 991, 996 [2003]).

Plaintiff relies upon the medical reports of neurologist Barry Pollack who concluded that plaintiff suffers from a permanent straightening of the lordotic curve of the cervical spine and permanent limitation of cervical range as the result of post-traumatic cervical arthritis directly resulting from the accident. However, Pollack failed to identify the objective tests he utilized to reach his findings other than the aforementioned MRI results—which are consistent with X rays of plaintiff taken prior to the accident. Indeed, Pollack's "conclusory statements that [plaintiff] has a consequential and significant limitation of the use of her [neck] merely parrot the statutory language" and, as such, are insufficient to raise a question of fact as to the seriousness of plaintiff's injuries (*Licygiewicz v Stearns*, 61 AD3d at 1255; *see Wilber v Breen*, 25 AD3d 836, 836-837 [2006]; *June v Gonet*, 298 AD2d 811, 812 [2002]).

Finally, we find no merit to plaintiff's contention that she was at all prejudiced by any personal bias by the independent medical examiner.

Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.