# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

334

CA 12-01707

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

WALTER P. MALESA, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KRISTI M. BURG, WHEELS LT., TAKEDA
AMERICA HOLDINGS, INC., ALSO KNOWN AS
TAKEDA AMERICA, INC., AND TAKEDA
PHARMACEUTICALS AMERICA, INC., ALSO KNOWN
AS TAKEDA PHARMACEUTICALS AMERICA
SALES CO., DEFENDANTS-APPELLANTS.

---

LAW OFFICES OF LAURIE G. OGDEN, BUFFALO (PAMELA S. SCHALLER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

MICHAEL G. COOPER, HAMBURG, FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Michael
L. D'Amico, A.J.), entered January 5, 2012.  The order, insofar as
appealed from, denied the motion of defendants for summary judgment
dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the complaint, as amplified by the bill of particulars,
with respect to the permanent consequential limitation of use and
significant limitation of use categories of serious injury within the
meaning of Insurance Law § 5102 (d) and as modified the order is
affirmed without costs.

Memorandum:  Plaintiff commenced this personal injury action
seeking damages for injuries that he sustained as a result of an
automobile accident.  Defendants moved for summary judgment dismissing
the complaint on the ground that plaintiff did not sustain a serious
injury within the meaning of Insurance Law § 5102 (d), and Supreme
Court denied their motion.  In our view, defendants established their
entitlement to summary judgment dismissing the complaint, as amplified
by the bill of particulars, with respect to two of the three
categories of serious injury allegedly sustained by plaintiff.  We
therefore modify the order accordingly.  We conclude that defendants
established that plaintiff did not sustain a permanent consequential
limitation of use, and plaintiff failed to raise an issue of fact
whether the injury was both permanent and consequential, i.e.,
important or significant (*see Kordana v Pomellito*, 121 AD2d 783, 784,
*appeal dismissed* 68 NY2d 848).  We further conclude that defendants

established as a matter of law that plaintiff did not sustain a significant limitation of use and that plaintiff failed to raise an issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Indeed, the evidence submitted by plaintiff in opposition to the motion does not provide " 'either a quantitative or qualitative assessment to differentiate serious injuries from mild or moderate ones' " (*Secore v Allen*, 27 AD3d 825, 827; *see Scott v Aponte*, 49 AD3d 1131, 1134).  Even assuming, arguendo, that the injuries sustained by plaintiff were caused by the accident, we conclude that plaintiff's proof "fell short of demonstrating that [the injuries] constituted a significant limitation" (*Scott*, 49 AD3d at 1134).  We agree with the court, however, that there is an issue of fact whether plaintiff sustained a serious injury within the meaning of the 90/180-day category (*see Rienzo v La Greco*, 11 AD3d 1038; *DiNunzio v County of Suffolk*, 256 AD2d 498, 498, *lv denied* 93 NY2d 812).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court