Galway Co-Op.Com, LLC v Niagara Mohawk Power Corp. (2019 NY Slip Op 02602)





Galway Co-Op.Com, LLC v Niagara Mohawk Power Corp.


2019 NY Slip Op 02602


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527238

[*1]GALWAY CO-OP.COM, LLC, Appellant,
v
NIAGARA MOHAWK POWER CORP., Doing Business as NATIONAL GRID, Respondent.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


John W. Sutton, Galway, for appellant.
Barclay Damon, Albany (David M. Cost of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Crowell, J.), entered May 10, 2018 in Saratoga County, which, among other things, granted defendant's motion to dismiss the complaint.
In 1936, Emily Fink and New York Power and Light Corporation (hereinafter NYPLC), defendant's predecessor in interest, entered into an easement agreement, which, among other things, permitted NYPLC and its successors to erect and maintain electrical transmission lines and poles on certain real property owned by Fink. After a series of transfers, plaintiff, in 2011, ultimately acquired title to the subject property previously owned by Fink. Plaintiff commenced this action in 2017 under RPAPL article 15 alleging that defendant did not have the right to maintain a guy wire on the subject property and seeking, among other things, a declaration that it owned the property exclusive of any easement or other interest held by defendant. As relevant here, defendant, in a pre-answer motion, moved to dismiss the complaint under CPLR 3211 (a) (1). In a May 2018 order, Supreme Court, among other things, granted defendant's motion. Plaintiff thereafter moved for reargument of the May 2018 order. In a July 2018 order, Supreme Court noted that it had "reviewed [plaintiff's] arguments and contentions and [found] them insufficient to justify any departure from the [c]ourt's previous determination" and, accordingly, "denied" plaintiff's reargument motion. Plaintiff appeals.
Plaintiff does not dispute the chain of title from Fink's ownership of the subject property to its ownership. Rather, this appeal centers on the easement agreement entered into between Fink and NYPLC. "It is well settled that the extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Rosen v Mosby, 148 AD3d 1228, 1230 [2017] [internal quotations marks and citations omitted], lv dismissed 30 NY3d 1037 [2017]; see Dowd v Ahr, 78 NY2d 469, 473 [1991]). According to the easement agreement, Fink granted NYPLC, "its successors and assigns, the right to erect, maintain, repair and operate lines for the transmission of electricity, and messages, consisting of . . . guys, guy stubs, . . . wires and appurtenances, upon, [*2]over, under, along or across the lands of [Fink] as shown on the annexed sketch, and/or the highway or highways adjacent to the land." In our view, the language of this easement agreement permits the placement of guy wires on all of the land that Fink owned at the time the easement was granted. Plaintiff's contention that the easement was limited to a certain area is not supported by either the sketch referenced in the easement agreement or the deeds describing the subject property. Based on the foregoing, defendant established that the documentary evidence utterly refuted plaintiff's factual allegations (see CPLR 3211 [a] [1]; Crepin v Fogarty, 59 AD3d 837, 839 [2009]; see generally Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106 [2018]) and, therefore, Supreme Court correctly granted defendant's pre-answer motion to dismiss.
To the extent that plaintiff claims that the July 2018 order was erroneous, we initially note that, as a general matter, no appeal as of right lies from an order denying reargument (see Flisch v Walters, 42 AD3d 682, 683 [2007]). Because the court addressed the arguments raised in plaintiff's reargument motion, however, we view the July 2018 order as granting reargument and, upon reargument, adhering to its prior determination, notwithstanding the language therein stating that "[p]laintiff's motion for leave to reargue is denied." As such, the July 2018 order may be appealed from as of right (see Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184 [2015], lv denied 25 NY3d 912 [2015]). Although the notice of appeal specifies only the May 2018 order as the order from which plaintiff appeals and the record does not contain a separate notice of appeal with respect to the July 2018 order, we are nonetheless authorized to review the July 2018 order (see CPLR 5517 [b]). That said, based on our determination herein, we find that Supreme Court properly adhered to its original determination.
Clark, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.