■ Jeffrey John, Respondent, v John Engel et al., Appellants. [768 NYS2d 527]—

Mugglin, J. Appeal from an order of the Supreme Court (Benza, J.), entered August 30, 2002 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff was injured when the vehicle in which he was riding was struck from the rear by a vehicle operated by defendant John Engel and owned by defendant Lazare Lincoln-Mercury, Inc. Although plaintiff did not need immediate medical assistance, the next day he claimed that he had, inter alia, a sore neck, headache and numbness in his arms. Subsequently, an MRI revealed a small central disc protrusion at C5-6 to which plaintiff's treating chiropractor linked his complaints. Plaintiff commenced this action against defendants, claiming a serious injury within the meaning of Insurance Law § 5102 (d) in four categories. Following joinder of issue and discovery, defendants separately moved for summary judgment dismissing the complaint, contending that plaintiff had not suffered the requisite serious injury. Supreme Court denied the motions and defendants appeal.

The proponent of a motion for summary judgment in this type of action must establish, through the submission of competent medical evidence, that the plaintiff did not suffer a serious injury casually related to the accident (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *June v Gonet*, 298 AD2d 811, 811 [2002]). If this initial threshold is met, the burden shifts to the plaintiff to produce competent medical evidence, based upon objective medical findings and diagnostic tests, which create a genuine triable issue of fact concerning the existence of a serious injury (*see Trotter v Hart*, 285 AD2d 772, 773 [2001]).

In support of the motion for summary judgment, defendants submitted the examination reports of two neurologists, a neurosurgeon, a chiropractor and an orthopedic surgeon, all of whom found, in sum, that plaintiff had suffered only a cervical strain or sprain which could not be considered a serious injury within the meaning of the Insurance Law, and which was not in any way disabling to plaintiff. Since this evidence sustained their burden, plaintiff submitted in opposition the affidavit and treatment notes of his chiropractor in an effort to establish that his injury fell within all four of the asserted serious injury categories.

Initially, the chiropractor's affidavit is deficient as a matter of law regarding the "permanent" categories, since it is based in large measure on his examinations and treatments of plaintiff

which ended November 10, 1999, nearly three years prior to the date of the affidavit (see id. at 773). The affidavit does refer to plaintiff's later visit in June 2000. We note, however, that this visit occurred approximately two weeks after plaintiff learned that defendants had a surveillance video of plaintiff installing shingles on a house. While this was plaintiff's preaccident occupation, postaccident he claimed to be disabled from continuing in this line of work.

With respect to the category of permanent loss of use, plaintiff must establish a total loss of use through the submission of competent medical evidence (see Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]; Best v Bleau, 300 AD2d 858, 859-860 [2002]). Likewise, in order to establish a permanent consequential limitation or a significant limitation of use, the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]). Although it appears undisputed that plaintiff has a small herniated disc at the C5-6 level, such herniation by itself does not constitute the requisite serious injury (see id. at 353 n 4).

Plaintiff's treating chiropractor, in his affidavit opposing defendants' motions, states: "After reviewing the MRI films and reading the report, I diagnosed plaintiff with a herniated disc at C5-6 causing nerve root compression, cervical strain/sprain, muscle spasms and radiculopathy." Portions of this diagnosis are directly contradicted by the reports of two physicians that examined plaintiff at the request of the chiropractor. These consultants (a neurologist and a neurosurgeon) reported that plaintiff's "radiological studies are for the most part unremarkable," that plaintiff had an "essentially normal electrodiagnostic study," and "his neurologic examination, I believe is normal and indicates no evidence of radiculopathy, peripheral nerve entrapment or myelopathy." Moreover, review of the chiropractor's voluminous records reveals no evidence of objective tests to determine loss of range of motion or spasm, muscle weakness or tingling sensations in plaintiff's extremities, leading to the conclusion that these findings were based on plaintiff's subjective complaints. For these reasons, we find the chiropractor's affidavit to be of no probative value to establish the existence of a question of fact as to whether plaintiff sustained a serious injury in any category, including the 90/180 category, as plaintiff's proof fails to demonstrate by credible objective evidence a medi-

cally determined injury which curtailed substantially all of his usual activities during that time frame (*see Jones v Malark*, 261 AD2d 788, 790 [1999]; *see also Drexler v Melanson*, 301 AD2d 916, 918 [2003]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted and complaint dismissed.