■ KATHLEEN CLEMENTS et al., Appellants, v TRACY A. LASHER et al., Respondents. [788 NYS2d 707]—

Mugglin, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered March 30, 2004 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

In July 2002, plaintiffs commenced this action for personal injuries allegedly sustained by plaintiff Kathleen Clements on September 1, 1999 when her vehicle was struck from behind by one owned by defendant Tracy Lasher and operated by defendant John Pailley. Neither vehicle was damaged by the impact and, as no one was apparently injured, Clements and Pailley exchanged insurance information and left the scene. Upon completion of discovery, Supreme Court granted defendants' motion for summary judgment dismissing the complaint, finding that plaintiffs had failed to demonstrate a triable issue of fact as to whether Clements sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs appeal and we affirm.

As plaintiffs do not challenge the sufficiency of defendants' medical evidence as meeting the threshold burden (see Marks v Brown, 3 AD3d 648, 648-649 [2004]; Seymour v Roe, 301 AD2d 991, 991-992 [2003]), the issue becomes whether plaintiffs' evidence met the shifted burden of raising a triable issue of fact that Clements suffered a compensable serious injury (see Insurance Law § 5102 [d]; Marks v Brown, supra; Mrozinski v St. John, 304 AD2d 950, 951 [2003]). Plaintiffs claim that their evidence raises triable issues of fact as to whether Clements sustained a permanent consequential limitation of use of a body organ or member, a significant limitation of use of a body function or system, and an injury which is covered by the 90/180-day category. Plaintiffs maintain that Clements' affidavit, her attorney's affidavit and the affidavit of her treating chiroprac-

tor, to which is attached certain records of treatment, establish her impairment by objective medical findings and diagnostic tests in each of the three categories specified (*see Buster v Parker*, 1 AD3d 659, 660 [2003]; *Drexler v Melanson*, 301 AD2d 916, 917 [2003]).

To establish either permanent consequential limitation or a significant limitation, the medical evidence must provide either a quantitative or qualitative assessment to differentiate serious injuries from mild or moderate ones (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Here, as Clements' treating chiropractor made no quantitative assessment, we review the qualitative assessment to determine if the chiropractor's evaluation of Clements has "an objective basis" and if a comparison of her limitations to the normal function has been made (*id.* at 350-351). The record reveals that the chiropractor, upon palpation, observed muscle spasms in Clements' neck, shoulder and back—the areas claimed to be injured in the accident—which the chiropractor claims were confirmed by electromyography testing. This evidence of spasm is an objective medical finding (*see Santos v Marcellino*, 297 AD2d 440, 441-442 [2002]). Absent, however, is any comparison with normal function. Broadly claiming that the injuries limit Clements' "ability to use the affected muscles in the course of her usual and customary daily activities which would involve use of these muscles in lifting, pushing or pulling" makes no meaningful comparison so that mild or moderate injuries can be distinguished from serious injuries. This record does not establish that the soft tissue injury sustained by Clements resulted in a meaningful impairment or limitation (*see Rath v Shafer*, 267 AD2d 565, 566 [1999]).

To successfully create a triable issue of fact with respect to the 90/180-day category, plaintiffs' evidence must establish the existence of a nonpermanent medically determined injury or impairment that prevents Clements from performing substantially all of her usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent A Car Sys., supra* at 357; *Marks v Brown, supra*). Although Clements testified at her pretrial deposition that, since the accident, her ability to engage in her customary usual daily activities has been curtailed as a result of pain, she did not miss any days from her employment as a teacher during the six months immediately following the accident and she continued to perform her usual and customary activities, albeit with pain ameliorated with daily medication. This, coupled with the fact that her treat-

ing chiropractor never imposed any restrictions on her activities, persuades us that no genuine triable issue of fact exists with respect to a curtailment, to a great extent, of Clements' usual and customary daily activities.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.