DIANE GEHRER, Respondent, v GABRIEL EISNER, Appellant. [796 NYS2d 738]—

Crew III, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 5, 2004 in Ulster County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action in April 2001 to recover for injuries she allegedly sustained in an October 1998 motor vehicle accident when the automobile she was operating was struck from behind by a mobile home driven by defendant in the Town of Shandaken, Ulster County. As a result of this accident, plaintiff alleged that she sustained, among other injuries, a nerve root lesion at the C-8 level of the cervical spine with radiculopathic pain and numbness radiating down her left arm, hand and small finger, bulging and/or herniated disks at levels C-4, C-5 and C-6, cervical, thoracic and lumber spine strains and sprains and limited range of motion of her back, neck, shoulders, and arms. Following a trial, the jury returned a

verdict in favor of plaintiff, finding that she sustained a "significant limitation of use of a body function or system" and that defendant, in turn, was entirely at fault for such injury. The jury awarded plaintiff $100,000 for past pain and suffering and $200,000 for future pain and suffering. Defendant unsuccessfully moved to set aside the verdict as against the weight of the evidence and now appeals from the judgment entered thereon.

Initially, we reject defendant's assertion that plaintiff failed to demonstrate that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). In order to establish a permanent consequential limitation or, as here, "a significant limitation of use, the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*John v Engel*, 2 AD3d 1027, 1029 [2003]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Clements v Lasher*, 15 AD3d 712, 713 [2005]; *Marks v Brown*, 3 AD3d 648, 649 [2004]). Additionally, plaintiff was required to demonstrate that the limitation of use she sustained was more than mild, minor or slight (*see King v Johnston*, 211 AD2d 907 [1995]).

Here, defendant takes issue with various aspects of plaintiff's proof including, among other things, her normal postaccident X rays, the length of time that elapsed between the date of the accident (October 1998) and the date of plaintiff's first MRI study (September 1999), the fact that neither the initial nor subsequent MRI study (conducted in November 2003) apparently revealed any evidence of cord compression, the fact that plaintiff's expert and treating neurologist, Mustafa Khan, first consulted with plaintiff some 2½ years after the underlying accident and plaintiff's overall ability to return to work and resume her life. A review of the trial transcript reveals, however, that whatever inconsistencies, deficiencies and/or differences of medical opinion might otherwise exist with regard to plaintiff's proof, plaintiff nonetheless presented objective medical proof in the form of two positive EMG studies to substantiate her claim of a nerve root injury at the C-6, C-7 and C-8 levels. According to Khan, such injuries were the product of a whiplash injury to the neck sustained during the course of plaintiff's accident with defendant, are permanent in nature, are the competent producing cause of the continued pain that plaintiff experiences in her neck and will lead to increased neck pain and numbness, as well as a loss of mobility, in the future. Such proof, together with the testimony of Khan, plaintiff, her significant other and her

employer as to the impact such injuries have had on plaintiff's ability to work, sleep and perform her daily routine, particularly with regard to the range of motion in plaintiff's neck, is sufficient to establish that the limitations experienced by plaintiff are more than minor or slight. Accordingly, we cannot say, viewing the evidence in the light most favorable to plaintiff, that the jury's verdict is against the weight of the evidence.

As to the issue of damages, the case law makes clear that "[a] jury's assessment of damages in a personal injury case is entitled to great deference, as is a trial court's decision on a motion to set aside a verdict, and should not be set aside unless the award 'deviates materially from what would be reasonable compensation' " (*Laguesse v Storytown U.S.A.*, 296 AD2d 798, 801 [2002], quoting CPLR 5501 [c]; *see Pinkowski v Fuller*, 5 AD3d 907, 908 [2004]). Although we have no quarrel with the $100,000 awarded by the jury as compensation for plaintiff's past pain and suffering, based upon our review of the record, we agree with defendant that the $200,000 awarded plaintiff for her future pain and suffering is excessive under the circumstances. Accordingly, and in light of the testimony as to the impact this event had on the quality of plaintiff's life, we are of the view that plaintiff's award for future pain and suffering should be reduced to $125,000.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff $200,000 in damages for future pain and suffering; new trial ordered on the issue of said damages only unless, within 20 days after service of a copy of the order herein, plaintiff stipulates to reduce the amount of the award for future pain and suffering to $125,000, in which event said judgment, as so reduced, is affirmed.