■ JAMES T. DOOLEY, III, Respondent-Appellant, v FRANCES DAVEY et al., Appellants-Respondents. [804 NYS2d 432]—

Spain, J. Cross appeals from an order of the Supreme Court (Sheridan, J.), entered November 30, 2004 in Albany County, which, inter alia, partially denied defendants' motion for summary judgment dismissing the complaint.

In July 2001, plaintiff was allegedly injured when the vehicle he was driving was struck from the rear by a vehicle operated by Nicole Davey and owned by defendants. Plaintiff commenced the present action against defendants alleging serious injuries within the meaning of Insurance Law § 5102 (d). Following discovery, defendants moved for summary judgment dismissing the complaint, claiming that plaintiff was unable to establish the requisite serious injury.

Finding that the affirmation in opposition by plaintiff's orthopedist, John Whalen, was not probative because it was based upon a 2½-year-old diagnosis, Supreme Court granted defendants' motion dismissing plaintiff's permanent consequential limitation of use claim. With respect to plaintiff's claims of

serious injury under the significant limitation and 90/180-day categories, Supreme Court denied defendants' motion for summary judgment. Both parties now appeal.

Initially, we must address the question of whether Whalen's affirmation is deficient as a matter of law in that $2^{1}/_{2}$ years transpired between Whalen's last examination of plaintiff and the affirmation. Where no explanation is offered for a significant delay between a physician's last treatment of the plaintiff and a proffered medical opinion, the opinion has been rejected as lacking probative value (*see e.g. Davis v Evan*, 304 AD2d 1023, 1025 [2003]; *Trotter v Hart*, 285 AD2d 772, 773 [2001]). The Court of Appeals, however, has held that where the physician has concluded that a plaintiff's injuries are permanent and that further medical treatment is unnecessary, the physician's opinion will not be rejected based solely on the fact that it is not premised on a recent physical examination (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 355 [2002] [accepting testimony as probative when based on a four-year-old examination]).

Here, Whalen's affirmation states that plaintiff declined surgery and, thus, Whalen recommended that plaintiff continue a course of conservative treatment which plaintiff could administer himself, including exercise and medication. Plaintiff's testimony is consistent on this point, explaining that he used a back brace, stretching exercises and over-the-counter medication to control his pain, and that he had weighed the costs and benefits of surgery and decided against that option. Given that surgery—the only other recommended treatment proposed by Whalen—was unacceptable to plaintiff, and in the absence of any proof to the contrary, plaintiff has provided a reasonable explanation for not returning to Whalen after his last treatment in February 2002.* Thus, although the staleness of Whalen's affirmation certainly impacts its weight, we deem the testimony offered by plaintiff and the details of Whalen's affirmation sufficient to avoid a finding that Whalen's affirmation is deficient as a matter of law (*see id.*; *Bent v Jackson*, 15 AD3d 46, 48-49 [2005]; *Brown v Achy*, 9 AD3d 30, 33 [2004]; *cf. John v Engel*, 2 AD3d 1027, 1028-1029 [2003]; *Davis v Evan, supra* at 1025; *Best v Bleau*, 300 AD2d 858, 861 [2002]).

Turning to defendants' motion directed at plaintiff's claim that he suffered a permanent consequential limitation of use, we conclude that defendants met their initial burden of demonstrating their entitlement to summary judgment by tendering

---

* The Court of Appeals has noted that "the law surely does not require a record of needless treatment in order to survive summary judgment" (*Pommells v Perez*, 4 NY3d 566, 574 [2005]).

the affirmation of neurologist Christopher Calder who, based on a recent examination of plaintiff—including an analysis of plaintiff's complaints, medical history and objective tests performed during the examination—opined that plaintiff "has no permanent sequelae of the subject accident." In addition, Calder found "no objective evidence of any neurological deficit attributable to the subject accident" and, specifically, "no symptoms or signs of a right S1 radiculopathy." In contrast, however, Whalen opined that as a result of the accident, plaintiff suffered a herniated disc which had displaced a nerve root, substantially limiting his range of motion. Whalen based his findings on a physical examination, plaintiff's medical history, radiographs and his review of an MRI, and concluded that plaintiff's condition was permanent. Hence, we find that plaintiff submitted sufficient objective evidence to overcome defendants' prima facie showing and create a triable issue of fact concerning the existence of a serious injury pursuant to the permanent consequential limitation category (*see Gehrer v Eisner*, 19 AD3d 851, 852 [2005]; *John v Engel*, 2 AD3d 1027, 1029 [2003]).

Next, inasmuch as Calder found no credible evidence to support the conclusion that plaintiff suffered any neurological injury related to the accident, defendants also satisfied their initial burden that plaintiff did not sustain a serious injury in the significant limitation category (*see Burford v Fabrizio*, 8 AD3d 784, 785 [2004]). Nevertheless, we find that plaintiff once again successfully raised a material issue of fact, relying upon Whalen's opinion that plaintiff objectively exhibited, among other things, a diminished range of motion. Accordingly, defendants were not entitled to summary judgment dismissing the significant limitation claim (*see Gehrer v Eisner, supra* at 852; *John v Engel, supra* at 1029).

Finally, based on Calder's assertion that any claimed postaccident symptoms were not credible, defendants satisfied their burden with regard to the 90/180-day category (*see Palmer v Moulton*, 16 AD3d 933, 934-935 [2005]). In his deposition, however, plaintiff testified that while he had been able to attend college classes at the start of the academic year three months after the accident, during the period between the accident and the beginning of that academic year he had been bedridden. He testified that the injury forced him to quit his job, refrain from activities such as swimming, jogging, skiing and riding his motorcycle, and limited the amount of time that he could stand on his feet to approximately 15 minutes. Combined with Whalen's affirmation, which provided objective evidence that a

"medically determined injury flow[ed] from the accident," plaintiff's testimony that his customary activities were curtailed " 'to a great extent' " sufficiently raised an issue of fact with respect to plaintiff's claimed serious injury pursuant to the 90/180-day category (*Creech v Walker*, 11 AD3d 856, 856 [2004], quoting *Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see Nichols v Turner*, 6 AD3d 1009, 1012 [2004]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, with costs to plaintiff, by reversing so much thereof as partially granted defendants' motion for summary judgment; motion denied in its entirety; and, as so modified, affirmed.