■ MIRANDA V. PATON, Appellant-Respondent, v JANICE WELTMAN, Respondent-Appellant. [804 NYS2d 129]—

Crew III, J.P. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered July 2, 2004 in Tompkins

County, which, inter alia, granted defendant's motion to set aside the verdict.

In November 2001, plaintiff allegedly sustained various injuries when the car that she was driving was struck head on by a vehicle operated by defendant. Plaintiff thereafter commenced this action alleging that she had sustained a serious injury within the meaning of Insurance Law § 5102 (d). Specifically, plaintiff alleged that she had sustained a fracture of her L5 vertebrae. Defendant stipulated as to liability, the matter proceeded to trial on the issues of causation, serious injury and damages and various medical experts testified as to the nature, cause and extent of plaintiff's injuries.

Nearing the close of proof plaintiff, who up to this point had been relying solely upon the alleged L5 fracture as the basis for her serious injury claim, moved to conform the pleadings to the proof so as to submit to the jury the question of whether she had sustained a significant limitation of use of a body function or system. Over defendant's objection, and without prejudice to a subsequent motion to set aside the verdict, Supreme Court granted plaintiff's request. The jury thereafter returned a verdict in favor of plaintiff, finding that although she did not sustain an L5 fracture as the result of the accident, she did suffer a significant limitation of use of a body function or system, and awarded plaintiff $75,000 in damages. Defendant then moved to set aside the verdict and Supreme Court granted the motion, finding that plaintiff failed to make a prima facie showing of a serious injury. Plaintiff now appeals, contending, among other things, that Supreme Court erred in granting defendant's motion to set aside the verdict, and defendant cross-appeals, asserting that Supreme Court erred in initially granting plaintiff's motion to conform the pleadings to the proof.

We affirm. Turning first to defendant's cross appeal, although a motion to conform the pleadings to the proof is a matter committed to the trial court's sound discretion and, absent undue prejudice or surprise, should be freely granted (see Murray v City of New York, 43 NY2d 400, 404-405 [1977]), we agree with defendant that Supreme Court abused its discretion in granting such motion here. As evidenced by a review of the pleadings and the trial transcript, plaintiff's assertion that she had sustained a serious injury within the meaning of Insurance Law § 5102 (d) was based solely upon the fracture that she allegedly sustained at the L5 level. It was not until the origin and cause of that fracture was seriously challenged at trial that plaintiff attempted to assert that she had sustained some additional, unspecified injury to her back (possibly a bulging disc) that would

constitute a significant limitation of use of a body function or system. Plaintiff's attempt to seek recovery based upon an injury neither pleaded nor, as will be discussed, proven at trial should have been rejected by Supreme Court.

Having concluded that the sole serious injury category upon which plaintiff obtained a recovery should not have been submitted to the jury in the first instance, it necessarily follows that plaintiff's appeal, to the extent it remains viable, is meritless. Briefly, however, we agree with Supreme Court's ultimate conclusion that plaintiff failed to make a prima facie showing of a serious injury and, hence, defendant's motion to set aside the verdict was properly granted. In this regard, it is well settled that in order to establish a significant limitation of use of a body function or system, "the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*John v Engel*, 2 AD3d 1027, 1029 [2003]; *see Gehrer v Eisner*, 19 AD3d 851, 852 [2005]). Additionally, the proof must establish that the limitation of use sustained by plaintiff "was more than mild, minor or slight" (*Gehrer v Eisner, supra* at 852).

As alluded to previously, other than suggesting that a bulging disc might account for the continued pain in her back, plaintiff pointed to no other "injury" that was responsible for her pain. At best, plaintiff's proof establishes that she is likely to experience continued pain in her lower back that could be the product of the underlying accident, which, standing alone, falls far short of establishing a serious injury. Neither the testimonial nor the documentary evidence adduced at trial established a loss of range of motion in plaintiff's spine, nor was there any qualitative assessment of the limitations allegedly experienced by plaintiff—perhaps because the category of serious injury under which she sought recovery changed during the course of the trial. In any event, the medical evidence offered by plaintiff simply was insufficient to establish a significant limitation of use of a body function or system and, as such, defendant's motion to set aside the verdict was properly granted. Plaintiff's remaining contentions, to the extent not expressly addressed, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs to defendant.