■ LAURA A. PIANKA, Appellant, v FRANCES C. PEREIRA, Respondent. [806 NYS2d 286]—

Rose, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered April 27, 2005 in Otsego County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action alleging that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) when her vehicle was hit from behind by a vehicle driven by defendant. Plaintiff was diagnosed with a cervical sprain during her subsequent 40-minute visit to a hospital emergency room and, thereafter, she missed no days of work due to her injury. Defendant ultimately moved for summary judgment dismissing the complaint on the ground that plaintiff had not suffered a serious injury. Supreme Court granted the motion and plaintiff appeals.

Defendant made a prima facie showing that plaintiff suffered no serious injury through the affidavit of Kevin Barron, a neurologist who evaluated plaintiff approximately 14 months after the accident. Barron, while acknowledging the MRI reports showing two bulging discs in plaintiff's cervical spine, opined that such bulges are usually asymptomatic and she has no functional limitations as a result. He also noted that plaintiff had sustained a neck injury with similar pain, spasm and numbness in a 1994 motor vehicle accident. Because there were no CT or MRI scans reported from that accident, Barron could not determine whether the bulges were provoked or, if preexistent, worsened by the later accident. Barron concluded that plaintiff sustained a cervical strain/sprain that resolved within one year, and he attributed her continuing, nondisabling symptomatology to her mild, degenerative disc disease.

In response, plaintiff asserted that she sustained a serious injury in the categories of permanent consequential and significant limitations of use of her cervical spine, and that objective medical evidence of those limitations is provided by the MRI reports. However, since proof of a bulging disc or degenerative disc condition is not enough to establish a serious injury, plaintiff must further provide either "an expert's designation of a numeric percentage of [her] loss of range of motion . . . [or] [a]n expert's qualitative assessment of [her] condition . . . , provided that the evaluation has an objective basis and compares [her] limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002] [emphasis omitted]; *Clements v Lasher*, 15 AD3d 712, 713 [2005]; *John v Engel*, 2 AD3d 1027, 1029 [2003]). Here, neither the quantitative nor the qualitative standard was met.

To meet the first standard, plaintiff was required to present, at a minimum, objective evidence of the bulging discs and a medical expert's quantification of the limitations caused thereby (*see Durham v New York E. Travel*, 2 AD3d 1113, 1115 [2003]). Plaintiff's treating osteopath, Stanley Fox, opined that the bulging discs shown on her MRI scans were a direct result of the accident and caused a degenerative disc disease, and her pain and inability to lift heavy objects are permanent conditions. Fox did not, however, adequately describe either plaintiff's loss of range of motion or her inability to lift more than 20 pounds so as to substantiate a quantitative assessment of her injuries (*see Hock v Aviles*, 21 AD3d 786, 788 [2005]; *Mack v Goodrich*, 11 AD3d 846, 848 [2004]; *cf. Cenatus v Rosen*, 3 AD3d 546, 547 [2004]).

Turning to the question of whether plaintiff provided a sufficient qualitative assessment of her condition, we note that Fox described her physical limitations as radiating neck pain, numbness and reduced lifting ability. However, Fox does not identify any diagnostic tests performed or show that his findings are based on anything other than plaintiff's subjective complaints of pain (*see John v Engel, supra* at 1029; *Serrano v Canton*, 299 AD2d 703, 704-705 [2002]; *cf. Armstrong v Morris*, 301 AD2d 931, 933 [2003]). Fox further opined that plaintiff's limitations are "significant" and make her unable to tend to household chores or participate in recreational activities "in the same manner and as frequently as she did prior to the accident." This opinion, however, is so general that it could be based upon even a minimal or mild physical limitation and, thus, it fails to provide a meaningful comparison with normal function (*see Clements v Lasher, supra* at 713; *June v Gonet*, 298 AD2d 811, 812-813 [2002]). Further, it is conclusory and tailored to meet statutory requirements as well (*see Bent v Jackson*, 15 AD3d 46, 50 [2005]).

Thus, Supreme Court properly found that plaintiff failed to raise an issue of fact as to the existence of a qualifying serious injury and dismissed the complaint.

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.