■ GREGG B. FELTON et al., Respondents, v PATRICIA V. KELLY, Appellant. [845 NYS2d 137]—

Cardona, P.J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered October 19, 2006 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Gregg B. Felton (hereinafter plaintiff) was injured in June 2004 when the car he was driving collided with defendant's vehicle. Specifically, plaintiff alleged that he suffered from back and neck pain, headaches and blurred vision. Plaintiff and his wife, derivatively, commenced this action claiming that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Finding that questions of fact existed, Supreme Court denied defendant's motion for summary judgment dismissing the complaint, prompting this appeal.

As the proponent of the summary judgment motion, defendant bore the initial burden of establishing that plaintiff did not suffer a causally-related serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories specified in plaintiffs' bill of particulars (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Secore v Allen, 27 AD3d 825, 827 [2006]). Among other things, defendant submitted (1) plaintiff's prior medical reports indicating a history of back problems that culminated in spinal disc surgery in 1997, (2) a postaccident lumbar MRI which indicated only postoperative changes in the lumbar region, with no disc herniation, (3) a November 2005 report of orthopedic surgeon Richard Moscowitz stating that plaintiff's symptoms of cervical and lumbosacral strain were mild and were not causally related to the accident, (4) plaintiff's medical records indicating previous vision problems associated with a diagnosis of probable multiple sclerosis, and (5) a postaccident brain MRI indicating features suspicious for multiple sclerosis. We find this evidence sufficient to sustain defendant's initial burden.

The burden then shifted to plaintiff to submit sufficient *objective* medical evidence to create a question of fact as to whether he sustained a serious injury within the meaning of the No-Fault Law (see Insurance Law § 5102 [d]; Toure v Avis Rent A Car Sys., 98 NY2d at 352; Pugh v DeSantis, 37 AD3d 1026, 1029 [2007]). Specifically, under the permanent consequential limitation and significant limitation categories, plaintiffs were required to submit medical proof containing "objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the af-

fected body organ, member, function or system" (*John v Engel*, 2 AD3d 1027, 1029 [2003]; *see Pugh v DeSantis*, 37 AD3d at 1029; *Clements v Lasher*, 15 AD3d 712, 713 [2005]).

In this regard, plaintiffs rely heavily on the report of neurologist Mustafa Khan.* However, while Khan noted that mobility of plaintiff's cervical spine was "limited," he provided no qualitative or quantitative assessment of this limitation which would support a conclusion that it was either permanent or significant. Furthermore, although Khan's report detailed plaintiff's subjective complaints of pain and discomfort and opined that plaintiff's migraine headaches, blurred vision and cervical sprain were related to the accident, neither a subsequent MRI nor any other tests performed by Khan showed abnormalities attributable to the accident. In the absence of such objective evidence, Khan's opinion that plaintiff suffers from a "permanent" "partial disability" lacks sufficient probative value to sustain plaintiffs' burden.

Nor does the November 2005 report of neurologist Gabriel Aguilar, who examined plaintiff at defendant's request, raise a question of fact under these categories. Although Aguilar performed certain objective tests and noted a causal connection between the accident and plaintiff's complaints of neck and back pain, he also found that at the time of the examination plaintiff had a full range of motion and was no longer taking pain medications. Accordingly, Supreme Court should have dismissed plaintiffs' claims based upon the permanent consequential limitation and significant limitation of use categories (*see Pugh v DeSantis*, 37 AD3d at 1028-1029; *Clements v Lasher*, 15 AD3d at 713).

With respect to the 90/180-day category, in order to sufficiently raise a triable issue of fact, plaintiffs were required to submit objective evidence of a "medically determined injury or impairment of a non-permanent nature which prevent[ed] [plaintiff] from performing substantially all of the material acts which constitute [his] usual and customary daily activities" for at least 90 of the 180 days immediately following the accident (Insurance Law § 5102 [d]; *see Secore v Allen*, 27 AD3d at 828; *Clements v Lasher*, 15 AD3d at 713). Plaintiffs met this burden with (1) plaintiff's own deposition testimony that, following the accident, he suffered from headaches, blurry vision, and pain in

---

* We do not agree with defendant's contention that this Court should not consider Khan's report. Although the original copy submitted to Supreme Court was unsworn, we note that plaintiffs thereafter submitted a sworn copy of the same report and we are unpersuaded that the court failed to consider that sworn copy.

his neck and back, and that due to those problems he was out of work for seven months and was unable to work around his house or participate in certain hobbies, (2) Khan's report, which indicated that he had placed plaintiff on total disability during at least four of the six months following the accident, and that he had imposed lifting restrictions upon plaintiff during that time, and (3) the opinion of Aguilar who, after conducting numerous objective tests during his examination of plaintiff, concluded that plaintiff's cervical pain was related to the accident, his preexisting lower back pain was aggravated by the accident, and his headaches were "questionably related" to the accident. Accordingly, we conclude that defendant's motion to dismiss the 90/180-day claim was properly denied (see Pugh v DeSantis, 37 AD3d at 1029-1030; Dooley v Davey, 21 AD3d 1242, 1244-1245 [2005]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiff Gregg B. Felton suffered a serious injury in the permanent consequential limitation and significant limitation of use categories; motion granted to that extent, partial summary judgment awarded to defendant and said claims dismissed; and, as so modified, affirmed.