◼ SHEILA SALEH, Appellant, v NICOLE C. BRYANT, Respondent. [853 NYS2d 415]—

Malone Jr., J.

On January 9, 2004, plaintiff was involved in an automobile accident in the City of Schenectady, Schenectady County when her vehicle was struck by a vehicle driven by defendant. She commenced this negligence action and alleged that, as a result of the accident, she suffered from "positional vertigo, exacerbation of bilateral knee pain . . . , swelling of knees, cervical strain, tingling and shooting pain to bilateral arms and hands, [and] intermittent left shoulder pain." Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under Insurance Law § 5102 (d). Plaintiff opposed the motion and cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendant's motion and dismissed the complaint, and this appeal ensued.

Plaintiff asserts that she sustained a serious injury under each of the four categories set forth in Insurance Law § 5102 (d), namely, that she suffered a "permanent loss of use of a body organ, member, function or system," a "permanent consequential limitation of use of a body organ or member," a "significant limitation of use of a body function or system," and a nonpermanent injury that rendered her unable to perform substantially all of the material acts which constitute her usual and customary daily activities for at least 90 of the 180 days immediately following the accident. Contrary to plaintiff's claim, we find that defendant satisfied her prima facie burden of demonstrating that plaintiff's afflictions did not rise to the level of a serious injury as defined in the aforementioned categories (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

In support of her motion, defendant submitted medical records concerning plaintiff's treatment both before and after the accident, as well as excerpts of her deposition testimony. The records disclose that when plaintiff was taken to the emergency room following the accident, she was diagnosed with only a

facial contusion. The diagnostic tests did not reveal any fractures of plaintiff's spine or shoulder. Shortly after the accident, plaintiff went to an orthopedic clinic complaining of bilateral knee pain and tingling in the bilateral arms and legs. Significantly, the medical notes indicate that the knee pain "has been going on for a couple of years" and that the tingling is "occasional." Plaintiff underwent physical therapy for the knee pain but, after she completed it in February 2004, her physician did not undertake further treatment. Rather, he directed her to continue on a home exercise program and to wear knee braces as needed.

The medical records further indicate that plaintiff also experienced vertigo following the accident which she first mentioned during a follow-up visit to the hospital. According to such records, this was a recurrence as plaintiff had been previously diagnosed with vertigo in November 2003. Notably, during her visit to an otolaryngologist in February 2004, plaintiff reported that the episodes lasted less than one minute and usually occurred while she was lying down or looking up.

The above evidence establishes that plaintiff's injuries did not fall into the permanent loss of use, permanent consequential limitation or significant limitation categories of serious injury set forth in Insurance Law § 5102 (d). Moreover, inasmuch as plaintiff failed to clearly delineate the scope and duration of the usual and customary tasks she was allegedly unable to perform following the accident during her deposition, the requirements of the 90/180-day category were also not satisfied. Consequently, the burden shifted to plaintiff to put forth proof sufficient to raise a question of fact as to whether she suffered a serious injury under any of the above categories (see Gaddy v Eyler, 79 NY2d at 957).

Under the permanent loss of use category, a plaintiff must establish that the loss of use is total (see Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]; Best v Bleau, 300 AD2d 858, 860 [2002]). Under the permanent consequential limitation and significant limitation of use categories, a plaintiff must present medical proof containing " 'objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (Felton v Kelly, 44 AD3d 1217, 1218-1219 [2007], quoting John v Engel, 2 AD3d 1027, 1029 [2003]). Finally, under the 90/180-day category, a plaintiff must adduce "objective evidence of a 'medically determined injury or impairment of a non-permanent nature which prevent[ed] [the

plaintiff] from performing substantially all of the material acts which constitute [his or her] usual and customary daily activities' for at least 90 of the 180 days immediately following the accident" (*Felton v Kelly*, 44 AD3d at 1219, quoting Insurance Law § 5102 [d]).

The only medical evidence presented by plaintiff in opposition to defendant's motion was the report of an otolaryngologist who examined her for the first time in April 2006 as part of an independent medical examination requested by defendant. While this otolaryngologist confirmed the diagnosis of vertigo, he indicated that it had "subsided on its own" and noted that plaintiff did not require treatment at the time he examined her. Although he stated that she was prone to having recurrences, he did not provide an opinion with respect to permanency or indicate that plaintiff suffered from any physical limitations or was restricted in her activities. Significantly, no medical evidence was adduced by plaintiff with respect to her other alleged injuries. Moreover, plaintiff's self-serving affidavit, in which she sought to remedy deficiencies in her deposition testimony concerning her inability to perform certain activities, was insufficient to raise a question of fact as to the 90/180-day category (*see Drexler v Melanson*, 301 AD2d 916, 918-919 [2003]). Accordingly, Supreme Court properly dismissed the complaint. In view of our disposition, we need not address plaintiff's cross motion.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.