■ Lori Alteri, Appellant, v Keith Benson, Respondent. [855 NYS2d 713]—

Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 26, 2007 in Essex County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking damages for injuries she allegedly sustained to her neck, back and shoulder when the motor vehicle in which she was a passenger went off the road and flipped over. At issue is an order of Supreme Court granting defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).* Upon our review of the record, we find that the motion was properly granted. Accordingly, we affirm.

In moving for summary judgment, defendant submitted, among other documents, plaintiff's deposition testimony, certain medical records and the report and affidavit of an orthopedic surgeon who conducted an independent medical examination of her and reviewed her medical history. During plaintiff's testimony, she detailed her numerous complaints since the accident, including neck, back, hip and shoulder pain. According to her, despite a substantial regimen of physical therapy, she ex-

---

* We note that only two categories of serious injury remain at issue in this case, namely, significant limitation of use of a body function or system and permanent consequential limitation of use of a body organ or member.

periences pain on a daily basis for which she takes ibuprofen and which limits her ability to perform various household and recreational activities. She acknowledged, however, that she has not missed one day of work as a nurse as a result of these injuries—a position, we note, which entails a 40-minute daily commute each way.

Moreover, according to the report and affidavit of defendant's expert, his physical examination of plaintiff "was completely normal . . . in every respect." She exhibited complete symmetric range of motion of both shoulders and had good strength in her rotator cuffs. The extension of her spine was normal and she was able to reach down and touch her toes, walk on her toes and heels and perform a deep knee bend. Her straight leg test was "completely normal" and she also had a good range of motion in her hips and knees with no evidence of muscle atrophy. Furthermore, according to this expert, certain complaints during the examination had a psychological, rather than physical, basis.

It was further established by this expert that an MRI of plaintiff's lumbar spine revealed no fractures, spondylolisthesis or ligament injury. To the extent that objective findings of injury were revealed by the MRI, this expert opined that plaintiff "does not exhibit objective symptoms of injury relating to [such] findings." Likewise, while an MRI revealed that her cervical spine was within normal limits with the exception of "mild acquired spinal stenosis" due to a disc bulge, he opined that "plaintiff does not exhibit objective signs of injury from these objective findings as well." In short, this expert opined that none of plaintiff's complaints correlate with any objective examination findings and, therefore, it was his opinion that she sustained neither a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system (*see* n, *supra*). Defendant's submissions were sufficient to make a prima facie showing of entitlement to summary judgment (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Brandt-Miller v McArdle*, 21 AD3d 1152, 1154 [2005]; *John v Engel*, 2 AD3d 1027, 1028 [2003]).

Further, plaintiff failed in her shifted burden of raising a triable issue of fact (*see Toure v Avis Rent A Car Sys., supra*). Even assuming that plaintiff submitted the requisite objective evidence of injury, neither of the two physicians who submitted an affirmation on her behalf quantified any alleged loss or limitation or provided a qualitative comparison of her condition to normal function (*see id.* at 350-351; *Felton v Kelly*, 44 AD3d

1217, 1218 [2007]; *Pugh v DeSantis*, 37 AD3d 1026, 1028-1029 [2007]; *Brandt-Miller v McArdle, supra*; *Clements v Lasher*, 15 AD3d 712, 713 [2005]; *John v Engel, supra*). This being the case, summary judgment in defendant's favor was in all respects appropriate.

Cardona, P.J., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.