■ ELEANOR KITHCART et al., Respondents, v SCOTT J. MASON, as Executor of ROBERT I. MASON, Deceased, Appellant. [857 NYS2d 794]—

Kane, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered March 6, 2007 in Ulster County, upon a verdict rendered in favor of plaintiffs.

Plaintiff Eleanor Kithcart (hereinafter plaintiff) was driving

her car when it was struck by a vehicle driven by decedent, Robert I. Mason. To recover for injuries that she sustained in the accident, plaintiff and her husband, derivatively, commenced this personal injury action. Defendant conceded decedent's responsibility, leading to a trial solely on the issues of whether plaintiff suffered a serious injury under Insurance Law § 5102 (d), causation and damages. The jury found that plaintiff suffered a serious injury under both the permanent consequential limitation and significant limitation of use categories. It awarded her $60,000 for past pain and suffering and $400,000 for future pain and suffering.* Defendant moved to set aside the verdict pursuant to CPLR 4404 (a). Supreme Court (Kavanagh, J.) denied the motion, prompting this appeal from the judgment entered on the jury's verdict.

Supreme Court did not err in denying defendant's motion for judgment as a matter of law at the close of plaintiffs' case and his motion to set aside the verdict. To establish entitlement to a judgment based upon insufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; see *O'Connor v Sleasman*, 37 AD3d 954, 956 [2007], *lv denied* 9 NY3d 806 [2007]). Serious injury under the categories at issue here can only be established through medical proof containing "objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*John v Engel*, 2 AD3d 1027, 1029 [2003]; see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Any demonstrated limitation must be significant, not minor, mild or slight (*see Pugh v DeSantis*, 37 AD3d 1026, 1029 [2007]; *King v Johnston*, 211 AD2d 907, 907 [1995]).

The quantitative standard here required objective proof of plaintiff's bulging cervical discs and a medical expert's quantifications of the limitations caused by that condition (*see Pianka v Pereira*, 24 AD3d 1084, 1086 [2005]). Plaintiff's neurologist, who treated her for the four years between her accident and the trial, testified that an X ray taken on the day of the accident depicted a cervical strain and narrowing of the disc spaces for two discs. A subsequent X ray indicated further degeneration and a large disc bulge. An MRI taken a year and a half after the

---

* The jury also found that plaintiff's husband did not establish his derivative claim.

accident indicated the same large disc bulge and an arthritic degenerative condition of the cervical spine. An EMG taken around the same time revealed active nerve impingement, which could lead to radiculopathy. Based upon this objective evidence, the neurologist opined that plaintiff's cervical strain, disc problems and radiculopathy were caused by the accident and limited the range of motion of her cervical spine (*compare Pianka v Pereira*, 24 AD3d at 1086). He quantified the limitations to her range of motion through his examinations, which included observations of plaintiff's degrees of rotation, flexion and extension, then compared those findings to normal degrees of movement of the cervical spine (*see Silva v Vizcarrondo*, 31 AD3d 292, 292 [2006]; *compare Felton v Kelly*, 44 AD3d 1217, 1219 [2007]; *Mikl v Shufelt*, 285 AD2d 949, 950 [2001]). Considering his treatment with only slight changes over four years, the neurologist also opined that plaintiff's condition was permanent. Pairing this medical proof with testimony from plaintiff and her husband concerning her inability to perform certain activities of daily living, plaintiffs submitted sufficient proof that plaintiff suffered from a serious injury, not a minor one (*see Gehrer v Eisner*, 19 AD3d 851, 852-853 [2005]).

The verdict was not against the weight of the evidence. The standard is whether the evidence preponderated so in favor of defendant that the jury could not have reached its verdict on any fair interpretation of the evidence (*see Black v City of Schenectady*, 21 AD3d 661, 662 [2005]). Both plaintiffs' and defendant's experts agreed that the accident caused plaintiff's cervical condition. While the defense expert opined that plaintiff's injury was not permanent and was due mainly to degenerative changes related to the aging process, we defer to the jury's evaluation of these conflicting medical opinions and its resolution of the associated credibility determination (*see Apuzzo v Ferguson*, 20 AD3d 647, 648 [2005]; *Jones v Davis*, 307 AD2d 494, 496 [2003], *lv dismissed* 1 NY3d 566 [2003]).

The jury's award of damages for future pain and suffering should be reduced. While a jury's assessment of damages is accorded deference, courts will disturb an award which deviates materially from what would be reasonable compensation for the injuries sustained, as determined by examining comparable cases (*see Hensley v Lawrence*, 40 AD3d 1375, 1376 [2007]; *see also* CPLR 5501 [c]). It was established that plaintiff suffers from a permanent disability to her cervical spine, with bulging discs and radiculopathy that impair her range of motion. On the other hand, testimony concerning her future need for cortisone injections and surgery was speculative, and plaintiff had previ-

ously rebuffed recommendations for similar treatment (*see Brown v Elliston*, 42 AD3d 417, 419 [2007]; *Donatiello v City of New York*, 301 AD2d 436, 437 [2003]). Plaintiff returned to work full time only three days after the accident and lost no further time from her employment as a secretary. At the time of trial she was 63 years old and the jury awarded damages for her life expectancy of 20 years. Comparing plaintiff's circumstances to similar cases, we find that an award of $300,000 for future pain and suffering is more in line with reasonable compensation (*see Acton v Nalley*, 38 AD3d 973, 976-977 [2007] [fractured vertebra with permanent compression and unrefuted testimony concerning life-long problems for young man; future pain and suffering award reduced to $450,000]; *Obdulio v Fabian*, 33 AD3d 418, 419-420 [2006] [herniated disc resulting in cervical radiculopathy and bulging disc resulting in lumbar radiculopathy with occasional pain controlled by over-the-counter medication; future pain and suffering award reduced to $25,000]; *Gehrer v Eisner*, 19 AD3d at 853 [cervical nerve root injury resulting in loss of mobility and affecting the ability to work, sleep and perform daily routine; future pain and suffering award reduced to $125,000]; *Schmidt v Bartolotta*, 17 AD3d 1162, 1163 [2005] [injuries to back and neck which required modification of job duties and caused inability to perform household duties; future pain and suffering award of $275,000 reasonable]; *Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, 328 [1999], *lv denied* 94 NY2d 754 [1999] [herniated disc with cervical pain and radiculopathy, necessitating surgery and loss of ability to perform former job in 49-year-old man; $300,000 future pain and suffering award did not deviate from reasonable compensation]).

Peters, J.P., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff Eleanor Kithcart $400,000 for future pain and suffering; new trial ordered on the issue of said damages unless, within 20 days after service of a copy of the order herein, plaintiffs stipulate to reduce the award for future pain and suffering to $300,000, in which event said judgment, as so modified, is affirmed.