■ JOHN V. HOWARD et al., Appellants, v RYAN C. ESPINOSA et al., Respondents. [898 NYS2d 267]—

Spain, J. Appeals (1) from an order of the Supreme Court (Krogmann, J.), entered August 8, 2008 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered December 31, 2008, which, upon reargument, adhered to its prior order.

After the automobile he was driving was struck from behind by another vehicle on May 23, 2005, plaintiff John V. Howard (hereinafter plaintiff) and his wife, derivatively, commenced this action alleging serious injuries as defined in Insurance Law § 5102 (d). Defendants successfully moved for summary judgment, and said order was adhered to upon reargument. On plaintiffs' appeals, we now affirm.

On a motion for summary judgment dismissing a complaint

that alleges a serious injury under Insurance Law § 5102 (d), the defendant bears the initial "burden of establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident" (*Haddadnia v Saville*, 29 AD3d 1211, 1211 [2006]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]). "Upon such a showing, the burden then shifts to the plaintiff to submit objective medical evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury" (*Nowak v Breen*, 55 AD3d 1186, 1187 [2008] [citations omitted]).

Here, Supreme Court properly found that defendants satisfied their initial burden by submitting proof that plaintiff did not suffer a serious injury as a result of the 2005 accident. No dispute exists that plaintiff—76 years old at the time of the accident—has a significant medical history, including prior injuries to his back and neck caused by a 1952 automobile accident. Plaintiff's preexisting condition was described by his wife in a 2004 application for Veteran's Administration disability benefits, where she stated that plaintiff was "unable to walk more than 100 feet without pain[, t]hus restricting normal daily activities such as gardening, lawn care, and shopping." Immediately following the 2005 accident, plaintiff drove himself to the hospital, where a CT scan was performed that showed "mild degenerative changes" throughout plaintiff's cervical spine. Plaintiff was diagnosed with cervical strain, given a prescription for pain medication and discharged. In support of their motion, defendants also provided the report of an independent medical examination obtained in April 2008, conducted by physician Bryan Bilfield. Bilfield stated that plaintiff's 2005 postaccident MRI was essentially the same as an MRI taken in 2002. Although the later MRI showed a new slight disk protrusion at C-7, T-1, Bilfield opined that there was no evidence that the protrusion was caused by the 2005 motor vehicle accident as opposed to the "natural progression" of plaintiff's long-standing cervical spondylosis.

This proof was sufficient to sustain defendants' burden of demonstrating a lack of serious injury, under any category, attributable to the 2005 accident (*see Monk v Dupuis*, 287 AD2d 187, 189 [2001]; *Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]). Indeed, plaintiffs do not dispute the fact that defendants met their initial burden on their motion for summary judgment except with respect to the 90/180-day serious injury category (*see* Insurance Law § 5102 [d]). In that regard, plaintiffs argue that because Bilfield did not address the extent of plaintiff's functional limitations within 180 days of the accident, defend-

ants did not demonstrate a lack of serious injury under that category. To the contrary, a 90/180-day serious injury requires both objective evidence of a medically determined injury or impairment causally related to the accident, as well as proof that such impairment prevented the plaintiff from performing substantially all of his regular activities for the requisite period of time (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 357; *Talcott v Zurenda*, 48 AD3d 989, 990 [2008]). Here, by offering evidence that plaintiff did not sustain any serious injury as a result of the 2005 accident, defendants met their burden under all categories. Further, through the signed statement of plaintiff's wife, defendants also offered prima facie proof that the claimed restrictions on plaintiff's activities predated the 2005 accident.

The issue thus distills to whether plaintiffs' submissions in opposition to the motion raise a triable issue of fact as to the existence of any serious injury related to the 2005 accident (*see Lee v Laird*, 66 AD3d 1302, 1303 [2009]). With respect to both the permanent consequential limitation and significant limitation categories, Supreme Court correctly concluded that plaintiff failed to submit any medical "quantitative or qualitative assessment to differentiate serious injuries from mild or moderate ones" (*Clements v Lasher*, 15 AD3d 712, 713 [2005]; *see Paton v Weltman*, 23 AD3d 895, 897 [2005]; *John v Engel*, 2 AD3d 1027, 1029 [2003]). Plaintiffs submitted the affidavit of a physical therapist, Stephen Bassin, and rely on an independent medical examination conducted in December 2005 by physician Robert Sellig, both of whom reported limitations on plaintiff's range of motion. Sellig also diagnosed plaintiff with preexisting cervical spondylosis, noted the new bulge at C-7, T-1 and opined that plaintiff's condition was aggravated by the May 2005 accident. Plaintiff also relies on his own description of the physical limitations he experienced following the accident.

As Supreme Court noted, however, the limitations on plaintiff's range of motion as reported by Sellig, which are comparable to those reported by Bassin immediately following the accident, are nearly identical to those taken by the Department of Veterans Affairs approximately eight months *prior* to the accident in question.* Further, although Sellig opined that plaintiff's preexisting disease was aggravated by the 2005 ac-

* Sellig found a range of motion in plaintiff's neck to be 30 degrees right/45 degrees left rotation, and 10 degrees of hyperextension and 30 degrees of flexion. Bassin noted limitations immediately following the accident of rotation 30 degrees/30 degrees, 20 degrees extension and 30 degrees flexion. According to Bassin's affidavit, measurements taken by the Department of Veterans Affairs prior to the accident show rotation at 45 degrees/35 degrees and lateral flexion of 20 degrees/20 degrees.

cident, he does not compare plaintiff's current complaints or limitations with those preexisting the accident or otherwise specify what injuries were caused by the 2005 accident (*see Nowak v Breen*, 55 AD3d at 1188). Indeed, Sellig never opines either that the C-7, T-1 bulge was caused by the accident or whether and how it might relate to plaintiff's physical complaints (*see June v Gonet*, 298 AD2d 811, 812 [2002]). Evidence of the bulge alone, even if there were evidence of causation, would not be sufficient to sustain a claim of serious injury (*see John v Engel*, 2 AD3d at 1029).

To the extent that plaintiffs continue to rely on Bassin's conclusion that, despite the fact that plaintiff's loss of range of motion did not worsen immediately following the 2005 accident, it got progressively worse over the next two years and that this decline was causally related to the 2005 accident's aggravation of his preexisting spinal stenosis and arthritis, it is misplaced. As Supreme Court properly noted, a physical therapist "cannot by definition diagnose or make prognos[e]s and is incompetent to determine the permanency or duration of a physical limitation" (*Delaney v Lewis*, 256 AD2d 895, 897 [1998]; *see Brandt-Miller v McArdle*, 21 AD3d 1152, 1154-1155 [2005]; *Tornatore v Haggerty*, 307 AD2d 522, 522-523 [2003]). Thus, given the dearth of any competent medical evidence of any significant loss of use that could be correlated with injuries arising out of the 2005 accident and any comparison between plaintiff's limitations and his normal—albeit diseased—bodily function, Supreme Court correctly granted summary judgment in defendants' favor (*see Felton v Kelly*, 44 AD3d 1217, 1219 [2007]; *Paton v Weltman*, 23 AD3d at 897; *Brandt-Miller v McArdle*, 21 AD3d at 1154-1155).

Likewise, plaintiffs failed to raise a triable issue of fact that plaintiff suffered a serious injury under the 90/180-day category. As discussed, plaintiffs' medical submissions are devoid of any expert opinion based on objective findings linking the alleged curtailment of plaintiff's activities to an exacerbation of his preexisting injuries and are thus insufficient to meet plaintiffs' shifted burden as to the 90/180-day serious injury category (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 357; *Palmer v Moulton*, 16 AD3d 933, 935 [2005]; *Creech v Walker*, 11 AD3d 856, 856 [2004]). Sellig noted that plaintiff reported minor limitations to his ability to drive or participate in his volunteer work, but did not opine as to what extent these limitations stemmed from the 2005 accident, as opposed to his preexisting condition (*see Burford v Fabrizio*, 8 AD3d 784, 786 [2004]; *Dongelewic v Marcus*, 6 AD3d 943, 944-945 [2004]; *Blanchard v Wilcox*, 283 AD2d at 823).

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the orders are affirmed, with costs.