Haider v Rivera (2021 NY Slip Op 04177)





Haider v Rivera


2021 NY Slip Op 04177


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

531835
[*1]Tayyaba Haider, Appellant,
v
Hector Rivera et al., Respondents.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Abdella & Sise LLP, Gloversville (Robert Abdella of counsel), for appellant.
Horigan, Horigan & Lombardo, PC, Amsterdam (James A. Lombardo of counsel), for respondents.



Aarons, J.
Appeal from an order of the Supreme Court (Slezak, J.), entered July 27, 2020 in Montgomery County, which granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff commenced this action alleging that she suffered a serious injury within the meaning of Insurance Law § 5102 (d) after defendant Hector Rivera rear-ended a vehicle in which she was a passenger. Plaintiff's claim centered on the permanent consequential limitation of use of a body organ or member, the significant limitation of use of a body function or system and the 90/180-day categories. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion in a July 2020 order, from which plaintiff appeals.
Turning first to the permanent consequential and significant limitation categories, defendants tendered, among other things, evidence that plaintiff had a history of pain to her lower back and that, prior to the accident, she had been diagnosed with mild degenerative disc disease. Defendants also submitted the emergency department record of the hospital that plaintiff presented to immediately following the accident. This record discloses that plaintiff was diagnosed with a neck strain and that a CT scan of her spine revealed no acute findings. Plaintiff returned to the emergency department a few days later. An X ray of plaintiff's lumbar spine revealed minimal spondylosis, and she was discharged in stable condition. Plaintiff then treated with an orthopedic surgeon, who, upon examination, concluded that plaintiff had a sprain of her lumbar spine. Furthermore, although an MRI taken in January 2018 revealed a "[m]ild broad-based posterior disc bulge at L5-S1 with left paracentral annular fissure," a disc bulge, by itself, does not constitute a serious injury (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Pianka v Pereira, 24 AD3d 1084, 1085 [2005]; Tornatore v Haggerty, 307 AD2d 522, 523 [2003]). In view of the foregoing, defendants satisfied their burden with respect to these categories (see Altieri v Liccardi, 163 AD3d 1254, 1254-1255 [2018]; Dudley v Imbesi, 121 AD3d 1461, 1461-1462 [2014]; John v Engel, 2 AD3d 1027, 1028 [2003]; Cody v Parker, 263 AD2d 866, 867 [1999]).
In opposition, plaintiff relied on, among other things, an affidavit and the medical records from her orthopedic surgeon. Plaintiff's orthopedic surgeon reiterated the finding of the disc bulge per the January 2018 MRI and averred that plaintiff had spasms in the paralumbar muscle and a limited range of motion to 25 degrees in her lumbar spine. The orthopedic surgeon, however, neither specified the objective tests to support these findings (see Mesiti v Knight, 190 AD3d 1141, 1145 [2021]; Cirillo v Swan, 95 AD3d 1401, 1402 [2012]; Tuna v Babendererde, 32 AD3d 574, 577 [2006]; Burford v Fabrizio, 8 AD3d 784, 785-786 [2004]; Carota v Wu, 284 AD2d 614, 616 [2001]; compare Peterson v Cellery, 93 AD3d [*2]911, 914-915 [2012]; Evans v Hahn, 255 AD2d 751, 751 [1998]) nor compared any limitation to normal body function (see Alteri v Benson, 50 AD3d 1274, 1275 [2008]; Pianka v Pereira, 24 AD3d at 1086). In the absence of objective medical proof, Supreme Court did not err in dismissing plaintiff's claims alleging a serious injury under the permanent consequential and significant limitation categories (see Gonzalez v Green, 24 AD3d 939, 940-941 [2005]; Clements v Lasher, 15 AD3d 712, 713 [2005]; Temple v Doherty, 301 AD2d 979, 982 [2003]).
Supreme Court, however, should have denied that part of defendants' motion seeking dismissal of plaintiff's claim under the 90/180-day category. The bill of particulars alleged that plaintiff was confined to bed for, at most, two days following the accident and to her home for only one week (see Palmer v Moulton, 16 AD3d 933, 935 [2005]), and the medical records do not indicate that restrictions were imposed on plaintiff's daily activities (see Cole v Roberts-Bonville, 99 AD3d 1145, 1148 [2012]; Houston v Hofmann, 75 AD3d 1046, 1048 [2010]). In her deposition testimony and affidavit, however, plaintiff, who was not employed at the time of the accident, described her inability to take care of her children, to perform house chores and to walk for more than 10 minutes at a time (see Dooley v Davey, 21 AD3d 1242, 1244-1245 [2005]; Monk v Dupuis, 287 AD2d 187, 191-192 [2001]). The orthopedic surgeon concluded that plaintiff's symptoms were causally related to the accident and that she was prevented from performing her usual daily activities during the requisite time period. Viewing this evidence, as well as the January 2018 MRI, in the light most favorable to plaintiff, a question of fact exists as to whether plaintiff suffered a serious injury in the 90/180-day category (see MacMillan v Cleveland, 82 AD3d 1388, 1390-1391 [2011]; Colavito v Steyer, 65 AD3d 735, 735-736 [2009]; Hildenbrand v Chin, 52 AD3d 1164, 1166 [2008]; Sands v Stark, 299 AD2d 642, 643-644 [2002]).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing that part of the complaint alleging that plaintiff suffered a serious injury in the 90/180-day category; motion denied to that extent; and, as so modified, affirmed.